LEVI T. BURTON, Administrator of Estate of MAY
   BURTON, Appellant, v. CHICAGO & ALTON
   RAILROAD COMPANY.

**Division One, July 5, 1918.**

1. **APPELLATE PRACTICE: Motion to Quash Execution and Retax
   Costs: Treated as One.**  Defendant filed its motion to tax costs,
   and that being overruled filed its motion to recall, quash and set
   aside an execution theretofore issued on a judgment in favor of
   plaintiff, and in said motion and as one ground thereof set forth
   in full the prior motion to tax costs, which motion was sustained
   as to the matter of retaxing costs, but the judgment ignored the
   other grounds set up in the motion for quashing the execution.
   Thereupon plaintiff filed his motion to set aside the "judgment upon
   the motion to retax costs," which being overruled he appealed.
   *Held*, that, as the motion to quash the execution and to retax the
   costs were treated as one motion at the hearing, and as the bill of
   exceptions covers the proceedings had at said hearing, plaintiff's
   appeal from the order retaxing the costs is maintainable, and
   the court's action is for review.  Appellant is not to be denied a
   review because he followed in the footprints made for him by
   respondent.

2. **COSTS: In Action for Damages.**  Even though the petition in an
   action for damages contains two counts and the court gives a
   peremptory instruction to find for defendant on the first count,
   if the verdict and judgment are for plaintiff on the second count,
   it is the duty of the clerk to tax all the costs against defendant,
   for the statute (Sec. 2268, R. S. 1909) says that "in all actions
   not founded on contract, if the plaintiff recover any damages he
   shall recover his costs."  The costs being so taxed, a motion to
   retax them implies a subsequent judicial investigation and de-
   termination by the court.

3. ———: **Retaxed at Subsequent Term.**  The clerk having upon the
   return of a verdict for damages for plaintiff upon one count of
   his petition in an action *ex delicto*, entered a judgment in which
   he taxed all the costs against defendant, as the statute required, a
   motion to retax costs filed by defendant at a subsequent term was
   too late, and the court had no jurisdiction to entertain it.  The mo-
   tion to retax must be filed at the term at which the judgment
   was entered.

Appeal from Randolph Circuit Court.—*Hon. Alex. H.
                    Waller*, Judge.

REVERSED.

*Aubrey R. Hammett* for appellant.

(1) The costs were adjudged against defendant by the judgment of the trial court. Defendant could only complain of this by motion filed within four days after rendition of judgment. It could not raise point by motion at term subsequent to that at which judgment was entered. State v. O'Briant, 176 Mo. 443; Ashby v. Glasgow, 7 Mo. 320; Silex Savings Bank v. Ellis, 162 Mo. App. 395; Ramsey v. Rothwell, 168 Mo. App. 271; Mann v. Warner, 22 Mo. App. 577; Bosley v. Parle, 35 Mo. App. 232; Paul v. Minn. Threshing Co., 87 Mo. App. 647. (2) This is an action *ex delicto* and therefore Sec. 2268, R. S. 1909, controls, and if plaintiff recover any damages he shall recover his costs. Ozias v. Haley, 141 Mo. App. 637. (3) Under the testimony part of the witnesses were subpoenaed by plaintiff to testify on the first count and some of them actually did testify thereupon.

*W. P. Pinkerton* and *Scarritt, Scarritt, Jones & Miller* for respondent.

(1) The plaintiff appeals to this court from an order of the court below retaxing costs on the 23rd of December, 1914. His record contains no bill of exceptions covering this alleged order, but does contain a bill of exceptions covering the proceedings had and exceptions taken at the hearing on defendant's motion to quash and recall execution, but as plaintiff is not appealing from the court's order sustaining defendant's motion to quash the execution, there is nothing before this court for review. State ex rel. McKinney v. Pulliam, 104 Mo. App. 94; Graff v. Dougherty, 139 Mo. App. 56; Corby v. Tracy, 62 Mo. 515; Saddlery Co. v. Bullock, 86 Mo. App. 92; Boothe v. City of Fulton, 85 Mo. App. 16; Wainwright v. Missouri L. & M. Co., 161 Mo. App. 374; Bohn v. Lucks, 165 Mo. App. 701. (2) The court's order taxing certain costs in this case was

proper and valid. Sec. 2285, R. S. 1909; Sec. 2263, R. S. 1909; Buckman v. Ry. Co., 121 Mo. App. 304; Dulle v. Deimler, 28 Mo. 583; State v. Vogel, 14 Mo. App. 187; Cauthorn v. Berry, 69 Mo. App. 410; Turner v. Butler, 66 Mo. App. 380; Coart v. Hill, 33 Mo. App. 116; Mann v. Warner, 22 Mo. App. 577; Bosley v. Parle, 35 Mo. App. 232; State v. Railroad, 78 Mo. 575; Dawson v. Waldheim, 89 Mo. App. 250; Witten v. Robison, 31 Mo. App. 525.

WOODSON, J.—This is an appeal from an order and judgment of the circuit court of Randolph County setting aside and quashing an execution issued on a judgment rendered in the case of Levi T. Burton, Administrator of the Estate of Mary Burton, deceased, against the defendant, and retaxing the cost therein. The appeal was taken to the Kansas City Court of Appeals, and by that court the cause was transferred to this court because a constitutional question was involved.

The facts are practically undisputed, and are substantially as follows, as shown by the appellant's statement of the case and abstract of the record filed in this court, viz:

"Plaintiff's decedent was killed upon a railroad crossing by one of defendant's trains. Plaintiff brought suit in two counts. At close of all the evidence the court gave a peremptory instruction for defendants on the first count of the petition. The second count was under the humanitarian law, and plaintiff recovered three thousand dollars verdict thereupon. Defendant appealed to the Kansas City Court of Appeals. While the appeal was pending the Supreme Court of Missouri handed down the opinion in the Boyd case, 249 Mo. 110, holding that only the penal sum of two thousand dollars could be recovered for the death of an unmarried adult when there was no proof of pecuniary loss on the part of plaintiffs. Following this opinion the Kansas City Court of Appeals rendered such judgment as should have been rendered upon the whole record

in the case and affirmed the judgment of the lower court in the sum of two thousand dollars. Mandate issued to the clerk of the circuit court whence the appeal was taken, and by the said circuit clerk spread upon the records of that court. Execution issued from said circuit court against the defendant for two thousand dollars and interest thereon from date of judgment in the said circuit court and all the costs incurred in the lower court. Defendant filed motion to retax certain costs that was claimed by it to be made in the defense of the first count upon which the court gave a peremptory instruction for defendant. The court overruled this motion and later on during the same term, December 23, 1914, set aside its said order and sustained said motion in part, retaxing $129.50 of the cost and taxing it against plaintiff. From this order plaintiff appealed to this court.''

The defendant's motion to quash and recall the execution was in words and figures as follows:

''Comes now the defendant and moves the court to recall, quash and set aside the execution heretofore issued in this cause on behalf of plaintiff against defendant, for the following reasons, to-wit:

''1. Because there is no judgment herein in this cause on which to predicate or base the execution.

''2. Because the judgment of $3000 entered against defendant at the February term, 1912, of this court has been duly appealed from and lodged in the Kansas City Court of Appeals, and bond was duly given as required by order of the court and operated as a *supersedeas* bond and no execution can lawfully be issued, predicated or based upon said judgment. Said judgment has never been affirmed, set aside or reversed by the Kansas City Court of Appeals or this court, and no judgment has been entered in this cause setting aside, affirming or reversing this judgment, and the case having been duly appealed and *supersedeas* bond given and approved by this court, no execution can lawfully issue in this cause.

"3.    Because no lawful judgment has been or can be rendered and entered in this court on the mandate of the Kansas City Court of Appeals, which has been sent to the clerk of this court and filed herein and entered by said clerk in the records of this court, and the Kansas City Court of Appeals had no authority under the law to execute and issue the mandate heretofore referred to, and the same was not within the power or jurisdiction of said court.

"4.    Because the clerk of this court had no right, authority or power under the law to enter upon the records of this court said mandate or mandates executed and issued by the Kansas City Court of Appeals.

"5.    Because not to recall, quash and set aside execution will be to deprive defendant of its property without due process of law, contrary to Section 30 of Article 2 of the Constitution of Missouri, in this, that it will take from defendant its property without judgment or ruling of the court and under a mandate that the Kansas City Court of Appeals had no right, jurisdiction or authority to execute and issue; and it would also be a denial to defendant of the equal protection of the laws and the taking of its property without due process of law contrary to Section 1 of Article 14 of the Amendments to the Constitution of the United States.

"6.    Because said execution was unlawfully issued and is for an excessive sum or amount in any event.

"7.    Because the court erred in overruling defendant's motion to tax or re-tax costs in this suit, which order was entered on or about December 8, 1914. Said motion to tax costs is made a part of this motion, and is in words and figures as follows:

" '1.    Comes now the Chicago & Alton Railroad Company in the above entitled cause and states to the court that at a trial of this cause at the February term, 1912, of the Circuit Court of Randolph County, Missouri, at Moberly, the jury returned a verdict in favor of the defendant, the Chicago & Alton Railroad Company, on the first count of the petition, upon which verdict the court duly entered judgment in favor

of defendant and against plaintiff, which judgment was unappealed from and has become final.

" '2. Defendant further states that for the purpose of defending the allegations made by plaintiff in the first count of his petition it caused' to be subpoenaed the following witnesses, who, duly and in obedience to subpoenas legally served, attended the trial of the above cause above set forth, on the first count of the petition as witnessed for defendant, and duly at the time of said trial claimed their witness fees for attendance, as is evidenced by the records of this court: Cliff Taylor, two days, sixty miles, $5.50; Mrs. Cliff Taylor, two days, sixty miles, $5.50; C. Maupin, two days, seventy-six miles, $6.30; J. A. Denny, two days, fifty miles, $5; R. N. Bagby, two days, fifty miles, $5; C. H. Woods, two days, sixty miles, $5.50; H. P. Hawkins, two days, sixty miles, $5.90; J. F. Becket, two days, eighty miles, $6.50; C. D. Williams, two days, eighty-eight miles, $6.90; H. Tillery, two days, eighty-eight miles, $6.90; E. L. Hackley, two days, eighty-eight miles, $6.90; L. K. Bailey, two days, eighty-eight miles, $6.90; E. L. Jones, two days, eighty-eight miles, $6.90; E. R. Elledge, two days, eighty-eight miles, $6.90; G. F. Fishbeck, two days, eighty-eight miles, $6.90; R. W. Compton, two days, eighty-eight miles, $6.90. Total $100.40.

" '3. Defendant further states that all of the above named witnesses were witnesses only as to issue made by the first count of plaintiff's petition and none other, and were subpoenaed by defendant solely for the purpose of making a defense on the issues as joined by the first count of plaintiff's petition; that said witnesses duly claimed their witness fees and mileage as required by law, as is evidenced by the records of this court, and plaintiff having been the losing party on the first count of the petition and defendant the winning party, defendant states that the above items of costs should be taxed against plaintiff.

" '4. Defendant further states that the fees of George Gibson, Sheriff, for subpoenaing the above wit-

nesses, amounting to $13.20, should also for the reasons above given be taxed against the plaintiff, and defendant prays the court to so tax said costs.

" '5. Defendant further states that all other costs made by the clerk of the court and other officers, other than those above mentioned, in connection with the first count of the petition, should likewise be taxed against the plaintiff, and defendant prays the court to so tax said costs.

" '6. Defendant further states that the following witnesses for plaintiff claimed witness fees and mileage as follows: L. E. Markland, two days, fifty miles, $5; Edward Shafer, two days, fifty-eight miles $5.40; C. E. Biswell, two days, $2.00. Defendant states that it is its information and belief that said witnesses were not witnesses on any other count of the petition than the first count and that the witness fees of said witnesses should be taxed against the plaintiff, and defendant prays the court so to do, together with the sheriff's fees covering the subpoenaing of said witnesses, as shown by the records of the court.

" 'WHEREFORE, defendant prays the court to tax against plaintiff the above items of cost as set forth in the different paragraphs of this motion, or so much of these items of costs as under the law should be taxed against plaintiff, and for such other items of cost not herein specifically mentioned and such other relief and orders as may be proper in the premises.' "

The defendant introduced in evidence the bill of costs as taxed by the clerk during the term of the court, at which the judgment for $3000 was rendered for the plaintiff, the same being set forth in defendant's motion to retax same; it also introduced oral testimony tending to prove the allegations of the motion to the effect that the witnesses named herein were subpoenaed for the sole purpose of proving or disproving the cause of action stated in the first count of the petition.

Under the evidence the court found the facts for the defendant and rendered the following judgment to retax the costs.

"Now at this date the court having seen, heard and considered defendant's motion to retax the costs of this suit incurred, and being now fully advised of and concerning the premises, doth sustain said motion and the amount claimed by the defendant, to-wit, the sum of $129.50, be and the same is hereby taxed against plaintiff, Levi T. Burton, administrator."

Thereafterwards, during the same term, to-wit, the 23rd day of December, 1914, plaintiff filed his motion asking that said judgment be set aside, and he be given a new hearing, which motion, omitting the caption, was as follows, to-wit:

"Now comes the plaintiff and prays the court to set aside its judgment of December 22nd upon motion to retax costs wherein the costs made on the first count of plaintiff's petition was taxed and adjudged against plaintiff in the sum of $129.50, for the reasons:

"1st. That the same is against the law.

"2nd. That the same is against and contrary to the evidence.

"3rd. Because the same is contrary to Section 2263, Revised Statutes of Missouri for 1909.

"4th. Because all the costs of this suit were adjudged against defendant by the first judgment in said cause rendered and defendant could not be heard to complain except by motion for new trial filed within four days after the rendition of said judgment.

5th. Because the witnesses whose fees have been taxed against plaintiff were not supoenaed according to law.

"6th. Because in the hearing on said motion, the court erroneously admitted improper evidence offered by the defendant over the objection of the plaintiff."

This motion was overruled and the plaintiff duly appealed as previously stated.

I. Counsel for defendant presents a preliminary question by which it is contended that the plaintiff is in no position to have this court pass upon the merits of the motion; that question is stated in this language:

**Merits of Case.**

"The plaintiff appeals to this court from an order of the court below. retaxing costs on the 23rd of December, 1914. His record contains no bill of exceptions covering this alleged order, but does contain a bill of exceptions covering the proceedings had and exceptions taken at the hearing on defendant's motion to quash and recall execution, but as plaintiff is not appealing from the court's order sustaining defendant's motion to quash the execution, there is nothing before this court for review."

This contention is not tenable, for the reason that defendant treats and states that the motion to quash the execution and to retax the costs in the case was treated and considered as one motion, and the plaintiff had the legal right to do likewise. The last clause of the seventh reason assigned by counsel for defendant in their motion to quash and. recall the execution reads thus:

"Said motion to tax cost is made a part of this motion and is in words and figures as follows:"

Then follows the motion to retax previously copied.

Counsel for the plaintiff cannot be punished for following in the footprints of counsel for defendant, which designates the motion to retax cost as a part of the motion to quash the execution.

We, therefore, rule this question against the defendant.

II.   Counsel for plaintiff contends that the order and judgment of the circuit court retaxing the cost in the case at a term subsequent to that at which the costs were originally taxed is at least erroneous, if not absolutely void, for the reason that the court had no jurisdiction to make said order regarding this character of costs.

*Taxing and Retaxing Costs.*

He states his position thus: "Defendant could only complain of this by motion filed within four days after rendition of judgment. It could not raise point by motion at term subsequent to that at which judgment was entered."

275 Mo.—13

The cause of action out of which this motion arose was an action *ex delicto,* and was governed by Section 2268, Revised Statutes 1909, which reads:

"In all actions not founded on contract the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his costs."

Without attempting to pass upon the correctness of the position taken by counsel for defendant in their motion to quash the execution and retax the cost, yet under the mandate of this statute there can be no question, in the absence of a showing to the contrary, made during the term of the court at which the trial of the cause was had and the final judgment rendered thereon, but what it was the duty of the clerk of the circuit court to tax all the cost against the defendant, just as the record in this case shows he did. In the absence of a showing to the contrary by the record or by evidence *aliunde* the presumption is that the words of the statute that "he shall recover his costs" means all of the costs of the case; but whether that is true as a matter of fact is quite a different question. Counsel for defendant recognized the correctness of this statement of the law by the introduction of oral testimony in support of the allegations of their motion to retax, to the effect that the witnesses mentioned therein were subpoenaed solely for the purposes of proving or disproving the cause of action stated in the first count of the petition. This being true, and the undisputed evidence of the case showing that the clerk did tax these costs during the term of the court at which the judgment was rendered, the law is plain that, even though it might be conceded that the contention of counsel that these costs should have been taxed against the plaintiff is correct, the defendant was not entitled to have the court retax these costs at a subsequent term of the court, because such action on the part of the court necessarily required a hearing of evidence *aliunde* the record, a finding of facts and a

judicial determination of the question, as well as the amount of costs that should be retaxed.

After reviewing the authorities upon the subject, Fox, J., in the case of State ex' rel. v. Keokuk & Western Railroad Co., 176 Mo. 443, l. c. 450, clearly states the law in this language:

"It will be observed that all the cases treating of applications to tax costs at a term subsequent to the one at which final judgment was rendered, make clear the distinction of taxing costs, which are definite and fixed by law, and costs which require judicial action in determining the amount."

All the authorities agree that the former may be retaxed at any term of the court. Such action is more in the nature of a ministerial duty, and requires no judicial action on the part of the court. Where the costs are definite and fixed by statute, the clerk in the first instance is by law required to tax the costs of the case, which of course is purely a ministerial duty, and when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes; but not so in regard to the taxation of costs which requires judicial investigation and determination. In such a case the clerk has no authority whatever to act, except as ordered by the court; in that case the court alone can order the costs taxed or retaxed, which must be done upon judicial investigation and determination, and must be done during the term of the court at which final judgment in the cause is rendered, for it is elementary that with the lapse of the term at which the final judgment is rendered the jurisdiction of the court over the cause ceases.

We are, therefore, of the opinion that the circuit court, at the time it acted, had no jurisdiction to subpeona witnesses, try the facts stated in the motion to retax, or to make the order or render the judgment retaxing the costs complained of in this appeal.

III. In view of the rulings announced in paragraph two of this opinion, it becomes unnecessary for us to decide the question: would the defendant have been entitled to have the costs retaxed as asked in its motion, had it been timely filed? or to decide the constitutional questions presented by counsel for defendant.

**Other Questions.**

For the reasons stated, the judgment of the circuit court retaxing the costs is reversed. All concur.