STATE OF MISSOURI, AT THE RELATION AND TO THE USE OF J. K. ROBBINS, COLLECTOR OF THE REVENUE, IN AND FOR THE COUNTY OF NEW MADRID, IN THE STATE OF MISSOURI, IN BEHALF OF DRAINAGE DISTRICT NO. 29 OF SAID NEW MADRID COUNTY, RESPONDENT, v. LINDA HARRIS MORRIS AND T. O. MORRIS, HER HUSBAND, APPELLANTS.— 152 S. W. (2d) 199.

Springfield Court of Appeals, May 20, 1941.

Rehearing denied June 12, 1941.

686

*Sharp & Sharp* for appellants.

*J. V. Conran* for respondent.

FULBRIGHT, J.—This is an appeal from the order of the circuit Court of New Madrid County overruling a motion to retax costs. Defendants' Motion to Retax Costs alleges in substance that plaintiff had incurred excessive costs in two particulars: first, because of the fact the lands all being contiguous and under the same ownership, could have and properly should have been brought in one suit, thus reducing the costs; and, secondly, because of the fact that the publication was made after an answer, an entry of appearance had been filed by defendants through a duly authorized attorney. The facts briefly stated are substantially as follows:

Plaintiff, a drainage district of New Madrid County, Missouri, filed this suit against Linda Harris Morris and her husband, who are residents of the State of Tennessee. Defendants owned the land in this particular suit, together with several hundred acres of other land, all in one body, in the southeastern part of New Madrid County. This suit was filed on the 28th day of July, 1939, together with nineteen other suits. Part were brought by Drainage District No. 29 and the remainder by the St. Francis Levy District, J. V. Conran, an attorney, representing the drainage district in each case. On the same day the cases were filed an Order of Publication was issued by the clerk in the instant case, which was sent directly to the *Weekly Record,* a newspaper published in New Madrid County. On the first day of August, 1939, learning that this suit, together with others, had been filed, a written entry of appearance for defendants was filed by Attorney Sharp, in the office of the Clerk of the Circuit Court and a request made that if the Order of Publication had been issued that it be stopped in order to save costs. Considerable testimony, conflicting in most respects, was offered concerning the authority of Sharp to file the documents at the time he did, as well as conversa-

tions that took place between Attorneys Sharp and Conran. Evidence was also offered relative to the location of the various tracts of land owned by the defendants and showing they were located in the same neighborhood around Linda, New Madrid County, and most, if not all, lying contiguous. The files in each of the cases were also offered in evidence showing the amount of the costs taxed. Attorneys Sharp and Conran both testified.

For the purpose of disposing of this case it is unnecessary to set out the evidence, suffice to say that it is violently conflicting. Judgment, based on constructive service, was rendered by default in the instant case at the regular term of the Circuit Court of New Madrid County, on September 27, 1939. Among other things the judgment recites: "Proof of Publication made and filed. Judgment for Plaintiff." Defendants did not appear in person or by attorney and no action of any kind was taken during the term by defendants. The costs, as taxed by the clerk, pursuant to the Statute, appear to be regular. No errors or mistakes appear and none are claimed by defendants in that respect. Execution was issued, levy made and the lands advertised for sale at the following regular January, 1940, Term of the Circuit Court of New Madrid County. On the 15th day of January, 1940, and at said regular January Term of said court, defendants filed their motion to retax costs. As heretofore indicated, said motion was overruled by the court and an appeal was duly taken by defendants to this court.

It will be observed that final judgment was rendered at the regular September, 1939, Term of the circuit court. No motion to retax costs was filed at that term or any other motion or pleading filed that would carry the cause over to the succeeding regular term of court. The clerk taxed the costs which are definite and fixed by law, as required by statute, a purely ministerial duty. The retaxing of such costs may be had at any term of the court, the court in such instance exercising a purely ministerial duty in correcting mistakes or errors, if any, in taxing the costs. However, if the taxation of costs is such as requires judicial investigation and determination, such action must be taken during the term of the court at which the final judgment was rendered. [Aetna Ins. Co. v. O'Malley, 118 S. W. (2d) 3; Townsend v. Boatmen's Nat. Bank, 119 S. W. (2d) 433; Christian County v. Dye, 132 S. W. (2d) 1018; Mueller v. Nat'l Hay & Milling Co., 258 S. W. 741, l. c. 743; Wilson & Co. v. Stark, 47 Mo. App. 116, l. c. 119.]

In the instant case defendants say in their motion to retax costs that they are aggrieved by the taxation of costs for the reason that there is included therein as costs the cost of the clerk in issuing an Order of Publication and the costs of A. O. Allen as publisher of the Weekly Record for publishing said order. "Defendants say that said items of cost as hereinbefore set out are not properly or lawfully taxable against these defendants for the reason that prior to the issuance of said order or publication in said suit and prior to the filing

of said suits these defendants had employed Edward F. Sharp, an attorney at law, residing in New Madrid, New Madrid County, Missouri, who in accordance with instructions of these defendants advised J. V. Conran, the attorney for plaintiff, and Tom Lee, the clerk of this court, that if and when any tax suits were filed against these defendants, the said Edward F. Sharp, as attorney for and representing these defendants, would enter their appearance in said suits and file answers therein duly entering their appearance and would so file answer and enter the appearance of these defendants as soon as said suits were filed and before any order of publication made therein, and defendants further say that said attorney did so enter their appearance and file answer herein, that by reason of said action on the part of these defendants, the attempted taxation as costs against these defendants of the said order of publication and the costs of said publication was unlawful, illegal and void, and defendants ought not to be thus unlawfully taxed and charged with said costs.

"And defendants further say that they are the owners of the lands assessed for taxes as described in the petition filed herein and that they are likewise the owners of the lands described in suits numbered . . . and that all of said lands are contiguous lands and all are located in the same part of New Madrid County, Missouri, and all are embraced in the same chain of title and ownership and that they are all included within the boundaries of plaintiff's drainage district and by it assessed for the improvements therein contemplated, and that in bringing said suit plaintiff ignored the provisions of Section 9953, Revised Statutes of Missouri for 1929, in this; that said section provides 'all lands owned by the same person or persons may be included in one petition and in one count thereof for the taxes on all such years as taxes may be due thereon,' which Statute governs procedure in bringing said suits as provided in Section 10,927, Revised Statutes of Missouri for 1929, and that in bringing said suits plaintiff did not follow said statute as directed . . . "

It was not within the province of the circuit clerk to determine the validity of the entry of appearance entered by defendants in the cause, nor was it the duty of, or within the province of the clerk to determine whether the action or actions were brought in compliance with the provisions of the statute. Obviously, these matters require judicial investigation and determination. In this situation the Motion to Retax Costs must be filed during the term of court in which final judgment was rendered. A motion filed after the judgment term comes too late. [Christian County v. Dye, *supra,* and other cases cited.] It necessarily follows that the judgment of the trial court must be affirmed. *Blair, P. J.,* and *Smith, J.,* concur.