STATE of Missouri ex rel. STATE HIGHWAY COMMISSION OF MISSOURI (Plaintiff), Appellant,

v.

Edgar H. W. GRAELER et al. (Defendants), Thomas L. Croft, Henry H. Haffner and Victor S. Sandrock (Commissioners), Respondents.

No. 29723.

St. Louis Court of Appeals.

Missouri.

July 2, 1957.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Thomas L. Croft, St. Louis, for respondents.

DEW, Special Commissioner.

This appeal is from an order in a condemnation case which allowed the respondents, who were the three commissioners appointed by the court, $4,500 each for their services. The appellant filed a Motion To Retax Costs, charging the allowances were excessive, and asking for reconsideration of the same. Upon the overruling of the motion, this appeal ensued.

The proceeding was one to condemn certain lands belonging to defendants, for purposes of a right-of-way to establish, widen and construct a part of Page Avenue in St. Louis County, Missouri. A decree of condemnation as sought by the petition was entered on March 9, 1956, and on the same date the respondents were appointed as commissioners in the case.

On April 27, 1956, the report of the respondents was filed, and on that date the Court allowed them $4,500 each for their services. On May 8, 1956, appellant filed a motion entitled "Motion To Retax Costs", wherein it was alleged that the commissioners were engaged in the performance of their duties approximately 180 hours, and within a period of 12 to 15 days; that the prevailing rate of recognized real estate appraisers in the vicinity of St. Louis and St. Louis County was $100 per day; that the commissioners viewed a total of 54 parcels and allowed a total of $46,520 in damages; that thus the total allowances were $13,500, or approximately 25 percent of the total damages awarded to the owners. The prayer of the motion was to reconsider and retax the costs insofar as the allowances to the respondents were concerned.

At the outset of the hearing on the motion to retax costs, counsel for appellant stated that no complaint was being made of the quality of the work done by the respondents, but that they should be commended; that there was no question raised as to the Court's discretion in making the allowances, but that it was desired to call to the Court's attention facts which might cause the Court to reconsider the allowance.

Appellant's only witness at the hearing on the motion was S. M. Mauer, an engineer, in charge of the acquisition of rights-of-way for District 6 under the State Highway Commission. He had personally taken part in many condemnation projects for the Highway Commission, including the one here involved. He reviewed numerous cases which he considered comparable to the one in question. He estimated the value of the respondents' services from $400 to $600 each. He said that he personally knew of no case where more than $1,500 each was allowed. It was admitted that the types of property appraised by respondents were generally residential, with a few small commercial establishments, and some street frontage available for residential or light industries; that the tracts considered were 48 or 50 in number; that the total amount of the damages awarded to the owners was approximately $47,000; that appellant had filed exceptions as to only four out of the forty-eight parcels appraised.

It was adduced on cross-examination that the witness told respondents when they were first appointed that it was highly important to get the job done expeditiously so that the Highway Commission could be in a position to make a letting of contracts by a certain date in which certain

other reports were involved and were expected to be filed; that the other reports had not yet been filed; that the respondents' report was ready before the witness was ready, because of adding more parties defendants. The witness said he did not know how much time respondents spent on the appraisals other than the five full days he had met with them; that the allowance should not necessarily bear any relationship to the amount of the damages allowed the owners; that the commissioners should be paid on the scale applied to competent appraisers only.

Counsel for respondents was himself one of the appraisers and a respondent. He made a statement at the Court's request as to the number of hours spent in the appraisals. He stated that at least 180 hours were spent, perhaps more, over a period of 22 to 25 days, some of the time being in the evenings, some on Saturdays and Sundays. He said that the time was compressed into as short a period as possible at the appellant's request, and that the amount originally requested was $6,000 each, which was more nearly adequate for the services rendered. The Court took the motion under advisement and on June 4, 1956, overruled it. On June 8, 1956, appellant filed its Notice of Appeal.

At the very outset, the jurisdiction of this Court to entertain this appeal is challenged. Without expressing any view upon the propriety of the trial court in fixing the amount allowed the respondents under the record, the question of our jurisdiction to review that action must receive our first consideration. It is pointed out by respondents that Section 523.070 RSMo 1949, V.A. M.S., which authorizes the trial court in condemnation cases to charge the costs against the condemnor to and including the filing and copying of the report of the commissioners, also authorizes the Court to "allow the commissioners a reasonable compensation for their services which shall be taxed as costs in the proceedings". This was done in the instant case on April 27, 1956, when the report was filed and the or-der made, allowing each commissioner $4,500. Since the amount of the allowance was a discretionary matter to be determined by the Court upon judicial investigation, and not a matter of ministerial duty of the clerk in entering definite and fixed statutory costs, which he may have done at any time, respondents contend that a motion to retax costs is inapplicable, and that the subject matter of the present motion can be raised only by a motion for new trial filed within ten days after the entry of the order.

The distinction between costs fixed by the law and those judicially determined in amount by the Court was recognized in the early case of Bosley v. Parle, 35 Mo. App. 232, at page 236, wherein the Court said: "It is true that a party may at any time during the term at which a final judgment is rendered, or at any subsequent term, file a motion to retax costs, and if the party filing the motion is not satisfied with the ruling of the Court thereon, an appeal will lie in his behalf to the appellate court. Shed v. Kansas City, St. J. & C. B. Railroad Co., 67 Mo. 687; Herson v. Chicago & A. Railroad Co., 18 Mo.App. 439. But this applies only where the duty of taxing the costs in the first instance devolves on the clerk. This is generally a ministerial duty performed by him after the entry of the final judgment; and for the purpose of giving the parties an opportunity to object to any error or mistake of the clerk in the taxation of costs, the law permits the motion to retax to be filed at any time. This is not so, where the costs complained of have been directly adjudicated by the order and judgment of the court. Mann v. Warner, 22 Mo.App. 577".

This rule was again recognized in Paul v. Minneapolis Threshing Mach. Co., 87 Mo. App. 647, 656. In adopting the same construction of the law, the Court in Beecham v. Evans, 136 Mo.App. 418, 117 S.W. 1190, 1191, quoted with approval as follows: " 'When items of costs are specifically allowed by the trial court and adjudged against a party, such allowance and judg-

ment cannot be reached by the ordinary motion to retax, which is applicable only to the ministerial taxation of costs by the clerk after entry of judgment. *A motion for a new trial within the proper time is the only way for obtaining revision of a specific judgment for costs' "*. (Italics supplied.)

The Supreme Court of Missouri in State ex rel. O'Briant v. Keokuk & Western Ry. Co., 176 Mo. 443, 450, 75 S.W. 636, 638, recognized the distinction as follows: "It will be observed that all the cases treating of applications to tax costs at a term subsequent to the one at which final judgment was rendered make clear the distinction of taxing costs, which are definite and fixed by law, and costs which require judicial action in determining the amount".

In Burton v. Chicago & A. R. Co., 275 Mo. 185, 204 S.W. 501, 504, referring to a similar motion filed in that case to retax costs, the court said: " * * * yet, under the plain letter of the law, the defendant was not entitled to have the court retax these costs at a subsequent term of the court, because such action on the part of the court necessarily required a hearing of evidence aliunde the record, a finding of facts, and a judicial determination of the question, as well as the amount of costs that should be retaxed".

In State ex rel. and to Use of Robbins v. Morris, 237 Mo.App. 685, 152 S.W.2d 199, the court restates, reaffirms and applies the same classification of costs. The same distinction is thoroughly explained, the authorities reviewed and the principle applied by the Supreme Court in Christian County v. Dye, Mo., 132 S.W.2d 1018, 1019.

■ In connection with the fact that appellant's motion to retax costs was, under the authorities, inapplicable, we note that the Code of Civil Procedure provides in cases tried without a jury, two methods by which appellant may have presented his charge of excessive allowance, one by a motion for new trial under Section 510.340;

the other, by a motion to amend under Section 510.310, which motion may have been filed with a motion for a new trial.

■ Assuming, without holding, that the order of allowance to respondents was a separate, final and appealable after-judgment order (Section 512.020), and that the motion to retax costs may be considered and treated as, in effect, a motion for a new trial of the matter of the assessment of the allowances as costs, or as a motion to amend the order, the fact remains that neither of such motions may be filed later than ten days after the date of the entry of the order. Graden v. Patrick, Mo.App., 162 S.W.2d 287. The motion in the instant case was filed on May 8, 1956, the eleventh day after the order was entered, April 27, 1956.

■ The court could have, within 30 days after the date of the entry of the judgment or order appealed from, and of its own initiative, ordered a new trial under Section 510.370 and Supreme Court Rule 3.25, 42 V.A.M.S., and having failed to do so, and no proper and timely motion having been filed meanwhile by the appellant, the judgment or order became final at the end of that thirty day period, namely May 28, 1956 (May 27, 1956, falling on Sunday). Section 506.060. Supreme Court Rule 1.24. Within 10 days thereafter, to-wit: on or before June 7, 1956, Notice of Appeal, if any, must have been filed. The Notice of Appeal was, in fact, filed June 8, 1956, the eleventh day after the order became final.

In State v. Henry, Mo.App., 205 S.W.2d 743, the motion for a new trial was filed one day later than the maximum time allowed therefor by the statute, and the Court held that it could not consider on appeal any of the matters raised in it because it was not filed within the statutory time. In the case at bar none of the points raised in appellant's motion to tax costs could be reviewed here on appeal unless first presented to and decided by the trial court, as required by Section 512.160; State ex rel. Morton v.

Cave, 359 Mo. 72, 220 S.W.2d 45 (en Banc). This was not done by a motion either proper or timely and hence presented nothing for the court to determine.

Consequently, without a proper and timely motion in the trial court prerequisite to this appeal, and without a Notice of Appeal filed within the statutory period, this Court is without jurisdiction or authority to entertain the appeal and the same should be dismissed. The Special Commissioner so recommends. Starr v. Mitchell, Mo.Sup., 237 S.W.2d 123; Bank of Thayer v. Kuebler, 240 Mo.App. 776, 219 S.W.2d 297.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the Court. The appeal is dismissed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.