## Hood v. State.

### Opinion delivered November 27, 1922.

1. EXTORTION—SUFFICIENCY OF INDICTMENT.—An indictment of a commissioner of a road improvement district for extortion in receiving money for services not performed was fatally defective in failing to allege that the money was received corruptly and under color of office.

2. EXTORTION—STATUTE CONSTRUED.—Extortion, as defined by Crawford & Moses' Dig., § 2810, embraces only State, county and township officers, and does not relate to or include road commissioners.

3. INDICTMENT AND INFORMATION—OMISSION OF ESSENTIAL AVER-
   MENTS—WAIVER.—The omission of essential averments in an in-
   dictment are not waived by pleading to the indictment nor cured
   by verdict.

Appeal from Polk Circuit Court; *James S. Steel,*
Judge; reversed.

*Lake & Lake* and *Minor Pipkin,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, con-
victed, and fined, under section 2810 of Crawford &
Moses' Digest, for extortion. From the conviction an
appeal has been duly prosecuted to this court.

The sufficiency of the indictment was attacked by
demurrer in the trial court, and it is now contended that
the court erred in overruling same. The learned Attor-
ney General concedes the grounds of the demurrer and
confesses that it was erroneously overruled. The indict-
ment, omitting the formal parts, is as follows:

"The grand jury of Polk County, in the name and
by the authority of the State of Arkansas, accuse John
F. Hood of the crime of extortion, committed as follows,
to-wit: The said John F. Hood, in the county and State
aforesaid, on the 25th day of October, 1921, being then
and there an officer by virtue of being then and there a
duly appointed and qualified and acting commissioner of
Road Improvement District Number One of Polk County,
Arkansas, did unlawfully have and receive a certain
voucher drawn by John F. Hood, president, and Ira O.
Smith, secretary, of the board of commissioners for said
Road Improvement District Number One of Polk County,
Arkansas, on deposit in the Farmers' & Merchants'
Bank of Mena, Arkansas, in the sum of three hundred
and five dollars and of the value of three hundred and
five dollars, for fees and services, without having per-
formed the service for which the same was charged,
against the peace and dignity of the State of Arkansas."
It will be observed that the indictment fails to charge ap-
pellant with having received the warrant corruptly and

under color of office. These are essential elements of extortion, as used in section 2810. of Crawford & Moses' Digest, and should have been alleged. *Leeman* v. *State,* 35 Ark. 438. Again, the act under which the indictment was framed embraces only State, county and township officers, and does not relate to or include road commissioners. We deem it unnecessary to discuss the other assignments of error, as the indictment is defective in substance. The defects are vital, and were not waived by pleading to the indictment or cured by the verdict.

For the errors indicated the judgment is reversed and the cause remanded, with directions to the trial court to quash the indictment.