CAIN *v.* CARLLEE.

Opinion delivered April 5, 1926.

1. COSTS—ENFORCEMENT ON APPEAL.—A judgment for costs entered in the Supreme Court on appeal may be enforced at any time by execution issued by the clerk, even though the mandate was not filed in the lower court, as provided by Crawford & Moses' Dig., § 2177.

2. COSTS—RETAXING ON APPEAL.—The Supreme Court on appeal has no authority to retax the costs which accrued in the circuit court, even those which are involved in making the record of the lower court for the appeal; but, in making the transcript of the record in order to certify it to the Supreme Court, the clerk of the circuit court acts as an officer of the Supreme Court, and his costs therefor may be retaxed in the higher court.

3. COSTS—JURISDICTION TO RETAX ON APPEAL.—The Supreme Court has no jurisdiction to retax the costs of the court stenographer in the preparation of the record for appeal, as the stenographer acts as an officer of the circuit court.

4. COSTS—DELAY IN MOVING TO RETAX.—The right of a party to have the costs retaxed must be seasonably asserted; and, where the

appellee in a case which has been twice appealed to the Supreme Court waited more than a year after filing of the mandate of the Supreme Court on the first appeal therein and more than three months after filing of the second mandate, the right will be denied.

Appeal from Woodruff Circuit Court; *E. D. Robertson,* Judge; motion to retax costs denied.

PER CURIAM. There have been two appeals in this case, which is a contest instituted by appellant against appellee for the office of county judge of Woodruff County, and the judgment of the circuit court has, on each appeal, been reversed and the cause remanded for a new trial. Judgment was rendered in each instance in favor of appellant for the costs of the appeal. The mandate of this court was filed, on the first appeal, in the lower court on March 17, 1925, within a short time after the decision was rendered, and the mandate on the last appeal was filed in the lower court on December 22, 1925. Executions were thereafter issued by the clerk of this court in favor of appellant for the costs which accrued on each appeal. The writs of execution were issued to the sheriff of Woodruff County and by him levied on property of the appellee. The fee bills for the costs of the appeal were certified in the transcript by the clerk of the lower court, and the executions issued by the clerk of the Supreme Court embraced only the items of cost certified up by the clerk of the lower court and the additional costs which accrued here after the transcript was lodged. In other words, the clerk of the trial court on each appeal certified the cost of the transcript and the cost of the bill of exceptions and also the cost of the transcript of the proceedings furnished by the court stenographer.

There is a special statute applicable to the First Judicial District, which provides that the stenographer shall, upon application, furnish a transcript of the oral proceedings and a carbon copy thereof, one of which shall be used by the clerk in the transcript sent up to this court. A controversy has arisen as to the amount

of the stenographer's fees for making the transcript—
the contention of appellee being that the amount certi-
fied up by the clerk is excessive. After the execution was
issued, appellee applied to the circuit court to retax the
costs by reducing the stenographer's fees to the correct
amount as claimed by appellee, and the circuit court
made an order reducing those fees. Appellee has also
filed in this court a motion to retax the costs on each
appeal and to quash the executions as to the excessive
amount of costs. No other items are involved in the
cost bill except those relating to the stenographer's fees
for making the transcript.

It is contended in the first place that the clerk of
this court had no authority to issue execution, and coun-
sel rely upon the following statute in support of that
contention:

"Section 2177. The Supreme Court may reverse, af-
firm or modify the judgment or order appealed from, in
whole or in part, and as to any or all parties, and, when
the judgment or order has been reversed, the Supreme
Court may remand or dismiss the cause and enter such
judgment upon the record as it may in its discretion
deem just. Provided, when a cause is reversed and
remanded the mandate must be taken out and filed in the
court from which the appeal was taken by the plaintiff
within one year from the rendition of the judgment
reversing the cause; and immediately upon the expiration
of the period of one year after the judgment of reversal
is entered, when the mandate is not taken out, the clerk
of the Supreme Court shall, upon application of the
party entitled thereto, issue an execution for all costs
accrued up to the date of reversal in the Supreme Court
and in the court from which said cause has been ap-
pealed." Crawford & Moses' Digest.

Counsel construe this statute to mean that the
authority of the clerk of this court to issue an execution
in favor of an appellant for the costs of appeal, where
there has been a reversal of the judgment, is limited to
instances where the appellant fails to take out a mandate

within one year from the date of the reversal, and that, if the mandate is taken out and filed in the lower court within one year, execution upon the judgment for costs of the appeal must be issued from the lower court. This is not a correct interpretation of the statute. The judgment for costs of the appeal is the judgment of this court, and remains such and can be enforced here at any time by execution issued by the clerk of this court. The purpose of the statute quoted above was to authorize the issuance of an execution from this court, even though the mandate is not filed within a year. But it does not lessen the power of the clerk to issue an execution in the enforcement of the judgment of this court at any other time. The decision of this court in *Sturdivant* v. *Reese,* 86 Ark. 452, while not directed to the particular question now under consideration, supports the views now expressed.

This court has no authority to retax the costs which accrued in the circuit court, even as to those costs which are involved in making the record of the lower court for this appeal. The clerk of the lower court, in making the transcript of the record in the circuit court in order to certify it to this court, acts as the officer of this court, and is under our control; therefore this court has the authority to tax or retax such costs. The court stenographer, however, acts altogether as an officer of the circuit court, and his services are limited to the preparation of the record for that court. His fees in making the transcript are included in the costs of the appeal, but his service is performed in making the record of that court. Therefore the jurisdiction to tax or retax the costs of the stenographer is in the trial court.

Appellee applied to the circuit court, and an order was made reducing the costs of the stenographer, and that order is presented to us with appellant's petition, but this court has reached the conclusion that appellee has forfeited the right to have the costs retaxed and the certificate of the clerk to that extent modified by waiting for a considerable lapse of time and until after the execu-

tion is in the hands of the sheriff. It is the duty of the party to act promptly in order to secure such a right. The certificate of the clerk is presumptively correct, and, if not deemed correct, an adjudication of the matter should be sought within a reasonable time. Appellee has waited more than a year after the filing of the first mandate of this court and about three months after the filing of the last mandate. A neglected right of this kind must be treated as an abandoned right, and as one which should be denied when not seasonably asserted.

The motion in each of the petitions of appellee is therefore overruled.