LEWIS *v.* D. F. JONES CONSTRUCTION COMPANY, INC.

4-4747

Opinion delivered October 11, 1937.

George A. Hurst, for appellant.

Moore, Burrow & Chowning, for appellee.

BUTLER, J. This appeal comes from the granting by the trial court of a motion to retax the costs in a case which first came to this court on appeal from a verdict and judgment against the appellee, D. F. Jones Construction Company. The judgment of the lower court was affirmed and on remand the motion from which this appeal comes was filed, granted and the costs retaxed. The evidence is undisputed that the clerk, in making up the cost bill, issued to certain witnesses certificates in which they were allowed their fees for attendance on the court and, in addition to this, mileage. The mileage was allowed on the theory that the witnesses resided, and were summoned, in a county other than that in which the trial was had. It was discovered that these witnesses were all summoned in the county of the trial and were, therefore, not entitled to mileage. On discovering this, the motion was filed.

The appellant questions the correctness of the ruling of the trial court on the sole ground that the term of court at which the trial was had having lapsed, the court was without jurisdiction to entertain the motion.

In support of his contention appellant relies upon the doctrine of the New York cases cited in Note No. 49, § 452, 15 C. J. 188, to the effect that a motion for the retaxation of costs made subsequent to an appeal is too late, and this seems to be the rule supported by the weight of authority. 15 C. J., § 453, p. 189. We are

of the opinion that this rule relates to costs which require judicial action in determining the amount. In costs of that character the motion to retax should be made promptly for the reason that the judge who tries the cause is better acquainted with the materiality of the witnesses and can more understandingly exercise the large discretion in regard to costs which is vested in him. There is a distinction, however, between costs of that character, and those which are definite and fixed by law.

The appellant cites and relies, also, upon the case of *Burton* v. *Chicago & A. R. Company*, 275 Mo. 185, 204 S. W. 501. That case follows the well-considered case of *State ex rel.* v. *Keokuk & Western Ry. Co.*, 176 Mo. 443, 75 S. W. 636, from which we quote as follows:

" 'It will be observed that all the cases treating of applications to tax costs at a term subsequent to the one at which final judgment was rendered make clear the distinction of taxing costs, which are definite and fixed by law and costs which require judicial action in determining the amount.'

"All the authorities agree that the former may be retaxed at any term of the court. Such action is more in the nature of a ministerial duty, and requires no judicial action on the part of the court. Where the costs are definite and fixed by statute, the clerk in the first instance is by law required to tax the costs of the case, which of course is purely a ministerial duty, and when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes; * * *."

The costs involved in the motion to retax were not such as to require judicial action in determining the amount, but such as are definite and fixed by law. Therefore, the authorities relied on by the appellant, if we should give to them full effect, do not support his contention. This court has seldom had occasion to deal with this subject. The case most nearly approaching the point involved in the instant case seems to be that of *Cain* v. *CarlLee*, 170 Ark. 859, 281 S. W. 661, cited by

the appellee. In that case there were two appeals and on each appeal the judgment of the circuit court was reversed and the cause remanded for a new trial. In each instance, judgment was rendered in favor of the appellant for the costs of the appeal. Executions for these costs were issued and levied upon the property of the appellee. After the executions were issued, appellee applied to the circuit court to retax the costs by the reduction of the stenographers' fees to the correct amount as claimed by the appellee. The circuit court made an order reducing same and an appeal from this order was taken. This court impliedly recognized the right of the appellee to have the costs reduced even after remand of the case to the circuit court, but held that this right should be asserted within a reasonable time. In that connection we said: "Appellee has waited more than a year after the filing of the first mandate of this court and about three months after the filing of the last mandate. A neglected right of this kind must be treated as an abandoned right, and as one which should be denied when not seasonably asserted."

Section 1860 of Crawford & Moses' Digest provides the remedy for the correction of errors in any bill of costs, but lays down no time in which the remedy may be invoked. It, therefore, appears that one seeking to invoke the provisions of that section would have to proceed only within a reasonable time. This seems to be the doctrine announced by the Supreme Courts of Iowa and Nebraska construing statutes similar to our own in *Fisher* v. *Burlington C. R. & N. Ry. Co.*, 104 Ia. 588, 73 N. W. 1070, and *Smith* v. *Bartlett*, 78 Nebr. 359, 110 N. W. 991, cited in brief of appellee.

The appellee's motion to retax was filed within a reasonable time and questioned items of cost which are definitely fixed by law. The trial court, therefore, properly entertained the motion and its judgment is affirmed.