McCOURTNEY *v.* ELLINGTON.

4-8913                                                 221 S. W. 2d 410

Opinion delivered June 20, 1949.

Rehearing denied July 4, 1949.

*Claude B. Brinton* and *Bon McCourtney,* for appellant.

*Howard A. Mayes* and *H. R. Partlow,* for appellee.

HOLT, J. This is an action of Replevin. March 28, 1947, Crystal Houston sold a Ford automobile to Bill Johnson for a consideration of $350, $150 of which was paid in cash, and the balance, including certain finance and carrying charges, amounting to $288.84, was evidenced by a note and a Conditional Sales Agreement in which it was provided: ''That the title of the car shall remain in Seller or Assigns, until all amounts due hereunder or rearrangements thereof are fully paid in cash. Said note or this contract may be assigned or the payment thereof renewed or extended without passing title of said car to Purchaser.''

This balance was to be paid in monthly installments of $24.07.

On the same day, March 28th, Houston duly assigned the note and Sales Agreement to the Commercial Credit Corporation.

Johnson made some of the installment payments, reducing the amount to $195.70, and sold the car.

The Commercial Credit Corporation continued to own and hold the note and Sales Agreement until November 25, 1947, when appellees, Ellington and Roe, acquired all rights and interest in these instruments by paying to Mr. Hampton, the authorized agent of the Credit Corporation, $195.70, balance which Bill Johnson owed the Commercial Credit Corporation.

Appellees, used car dealers in Jonesboro, bought the car in question from a party in Kennett, Missouri, without any knowledge of the Credit Corporation's interest and sold it to Mr. Hyde.

Appellant, Sessums, later bought the car and upon learning of the Credit Corporation's lien and interest came back on appellees, who in turn paid the balance due the Credit Company, as above indicated.

At the time appellees paid Hampton, the authorized and acting agent of the Credit Company, Hampton did not have the note and Sales Agreement, but promised and assured appellees that these papers would be deliv-

ered to them shortly, and gave the Credit Corporation's receipt to them. The record reflects that the original note and Sales Agreement had been lost, or misplaced, by Johnson. However, while in his possession, authentic photostatic copies were made and later were delivered to appellees.

Appellees sued Sessums, alleging that the note and Sales Agreement, supra, had been assigned to them by the Credit Corporation, that they were the owners thereof, had title to the car in question and entitled to its possession, that Sessums is a non-resident and about to leave the State, is in possession of the automobile, and refuses to deliver same to appellees. They prayed for recovery of the property and damages.

Appellant, McCourtney, intervened, alleging that on July 21, 1947, Bill Johnson executed a Chattel Mortgage on the car in question to secure an indebtedness of $400 which Johnson owed him for professional services.

Upon trial, at the close of all the testimony, appellants asked for an instructed verdict against appellees, and appellees in turn requested an instructed verdict against appellants.

The court found the issues in favor of appellees. The judgment recited: "And the Court being well and sufficiently advised in the premises, finds for the plaintiffs (appellees) for the possession of one 1937 Tudor Ford Sedan, Serial No. 54-232003, Motor No. 54-232003, as against the Defendant, Ernest Sessums, and the intervener, Bon McCourtney; that the conditional sales contract owned by the plaintiffs is a superior lien to that of the intervener and that plaintiffs are due the sum of $175.90 as a balance upon said sales contract, together with interest at the rate of 10% from 28th of March, 1948, to date.

"The Court further finds that the intervener, Bon McCourtney, has possession of the above named automobile by reason of a lien upon said automobile, junior to that of Ellington & Roe; that he should be permitted to pay the amount due these plaintiffs and retain the

above named car; that the defendant, Ernest Sessums, has received full settlement for any rights which he may have in and to the above described automobile; that the cause of action against J. G. Kelley should be dismissed.''

This appeal followed.

There appears to be little, if any, dispute as to the material facts, as above abstracted. Under the provisions of the conditional sales agreement, supra, and the facts presented, the Commercial Credit Corporation held title to secure the unpaid balance on the car in question from the date of the execution of the note and sales agreement until appellees paid this balance due to the agent of the Credit Company. When the Credit Company, through its authorized agent, receipted appellees for this payment,—the balance which Bill Johnson owed on the car,—and promised to deliver the original papers, which it was unable to do for the reason that they were lost or misplaced, but, in fact, did cause to be furnished appellees authentic photostatic copies thereof, an assignment, in effect, of title and all interest of the Credit Company, was consummated in favor of appellees and they acquired the title and interest of the Credit Company in the automobile in question.

Under the topic ''Assignments'', 6 C. J. S., § 46, p. 1094, the rule is announced in this language: ''A parol assignment may be inferred from the conduct of the parties. There must, however, be an appropriation of the debt or fund, and the assignor must confer the complete right or interest in the subject-matter of the assignment on the assignee and surrender all control over it, even if the circumstances do not permit the assignee to take immediate possession thereof.''

The judgment of the trial court was correct and accordingly we affirm.