## McCourtney v. Morrow.

4-9156                                                      229 S. W. 2d 124

Opinion delivered April 3, 1950.

Rehearing denied April 24, 1950.

*Claude B. Brinton* and *Bon McCourtney*, for appellant.

*Wm. F. Kirsch, Jr.,* and *Kirsch & Cathey,* for appellee.

LEFLAR, J. This appeal is from an order of the Circuit Court disposing of a dual motion by petitioner McCourtney for (1) retaxing costs and (2) allowance of statutory penalty (Ark. Stats., § 12-1738) against the Circuit Clerk for demanding extortionate fees. The Circuit Court's order eliminated from the Clerk's fee bill, in accordance with the prayer of petitioner's motion, certain items of costs originally charged by the Clerk, but sustained the Clerk's charge of the statutory fee (Ark. Stats., § 12-1710) of 75 cents "for each page in making and preparing" the transcript in question,[1] and assessed no penalty against the Clerk. Petitioner appeals from the two holdings last mentioned.

As to the charge of 75 cents per page for "making and preparing" the transcript, it is shown that the transcript was actually typewritten in McCourtney's law office, and not by the Clerk. But after it was typed it was handed by McCourtney to the Circuit Clerk for checking and certification, and the Clerk compared it with his notes, made certain corrections, and then certified it. We hold that this constituted a "making and preparing" of the transcript within the meaning of § 12-1710. The responsibility for the transcript was the Clerk's, regardless of who did the typing, and he cannot

---

[1] This transcript was in the case of *McCourtney* v. *Ellington,* 215 Ark. 539, 221 S. W. 2d 410. Preliminary relief to petitioner in reference to the same fee bill was denied in a *per curiam* order issued by this Court on February 21, 1949.

escape the responsibility (nor in this case did he seek to do so) by allowing some other interested party to type it for him.

Petitioner McCourtney also contends that the Clerk waived the right to make a full charge for the transcript by some remarks he made at the time he received the typed copy from McCourtney. In a memorandum opinion delivered by this Court on February 21, 1949, we said in reference to this contention in this case by this petitioner that the Clerk was without power to waive the statutory fees. The law of the case on this point has therefore already been determined against the petitioner.

The other ground of appeal is the Circuit Court's failure to allow petitioner the penalty of $5.00 for each item eliminated by the Court from the Clerk's fee bill. The relevant statute (§ 12-1738, enacted in 1842) allows a $5.00 penalty against "any officer" for each illegal charge made by him, payable to the person against whom the charge was made. But "it is apparent that this legislation is highly penal, and it must, therefore, be strictly construed." *Sebastian Bridge District* v. *Lynch, Chancery Clerk,* 200 Ark. 134, 144, 138 S. W. 2d 81, 86. Also see *Johnson County* v. *Bost,* 139 Ark. 35, 213 S. W. 388.

We have held in criminal cases[2] arising under § 12-1738 that the statute requires, as a prerequisite to liability, a finding of fact that the public officer acted corruptly, with bad motive or evil intent. *Leeman* v. *State,* 35 Ark. 438, 37 Am. Rep. 44; *Hood* v. *State,* 156 Ark. 92, 245 S. W. 176. It would be improper to give one meaning to the statute in its criminal aspect and a different meaning to the same words in the same section in its civil penal aspect. Our conclusion is that, in order to collect the private penalty permitted by the statute, a claimant must prove that the officer not only made an unlawful charge, but did so corruptly, with bad motive or evil intent. A thorough examination of the entire record in the present case shows that petitioner has not by his evidence sustained this burden of proof.

---

[2] A similar provision for criminal liability appears in § 12-1739, enacted in 1923. Compare Ark. Stats., § 27-2320.

Since the order of the Circuit Court against the appellant petitioner must in any event be affirmed, we do not pass on the procedural propriety or timeliness of his motion for retaxing costs. See *Buchanan* v. *Parham,* 95 Ark. 81, 128 S. W. 563; *Cain* v. *Carl-Lee,* 170 Ark. 859, 281 S. W. 661; *Lewis* v. *Jones Constr. Co.,* 194 Ark. 602, 108 S. W. 2d 1093. Nor do we decide whether it was permissible, after our *per curiam* order of February 21, 1949, for the petitioner to file his motion to retax costs in the Circuit Court.

Affirmed.

Chief Justice GRIFFIN SMITH dissents in part and concurs in part.

GRIFFIN SMITH, Chief Justice, dissenting. If the court had jurisdiction, the power to act must have been acquired in a timely manner, attended by procedural propriety. Then why say that we do not pass on these questions? The point is emphasized because in affirming the judgment the trial Court's jurisdiction is necessarily recognized. The record discloses that some of the cost items in controversy were approved, while others were disallowed. Since jurisdiction cannot be conferred by consent, the judgment comes from a Court, or it doesn't. Furthermore, we had previously told the litigants that McCourtney's right to question the cost bill was in the Supreme Court.

At a time when jurisdiction of parties and subject-matter was in Circuit Court appellant sought to avoid payment of cost items he regarded as excessive. By petition for a writ of mandamus here he asked that the Greene Circuit Clerk be required to make the record available and tendered a bond for $150. In a *per curiam* order of February 21, 1949, the relief was denied, a statement being that "any allegation of overcharge may be considered by this Court upon appropriate motion to retax the cost." The motion was not made, but the appeal, *McCourtney* v. *Ellington,* 215 Ark. 539, 221 S. W. 2d 410, was disposed of June 20th when the judgment was affirmed. Following issuance of our mandate, McCourtney filed his motion in Circuit Court, notwithstand-

ing our specific holding that the controversy was referable to this jurisdiction. The appeal had not been filed at the time this motion was made, so of course the trial Court had not lost jurisdiction if the judgment term had not expired.

It is not necessary to cite authority in support of the proposition that, with the exception of power to enter an order *nunc pro tunc,* jurisdiction is lost by the trial Court when an appeal is taken. If the judgment or decree is reversed, or if some modification requires remand, the trial Court again acquires jurisdiction. Hence, when McCourtney perfected the appeal following our order of February 21, his procedure had been made certain.

The cases cited in the majority opinion deal with jurisdiction. In *Buchanan* v. *Parham* Judge McCulloch said that a Circuit Court judgment awarding costs in an election contest was void for want of statutory authority. On the question of appeal costs, it was said that Circuit Court had no power to assess them. The remedy available to Circuit Clerk Parham " . . . for the collection of his fee for making the transcript, which constituted a part of the costs of the appeal adjudged against [the appellant] Buchanan, is by enforcement of the judgment of this Court."

In *Cain* v. *CarlLee* the principal matter was this Court's right to adjudicate a controversy involving alleged overcharges by the trial court stenographer. It was held that the stenographer was the agent of the trial Court. The Clerk of the lower Court, says the CarlLee opinion, in making the transcript of the record for certification on appeal, "acts as the officer of this Court, and is under our control; therefore this Court has authority to tax or retax such costs."

Bearing in mind that the case at bar involves a motion in the trial Court to retax the cost after an appeal had failed, and in circumstances where there had been no remand, the rule laid down by Mr. Justice BUTLER in the *Jones Construction Company* case is enlightening. In explaining the CarlLee case it was said that this Court had "impliedly recognized the right of the appellee to

have the costs reduced even after remand of the case to the Circuit Court'' if that right should be asserted within a reasonable time. But the difference between the Carl-Lee controversy and the case at bar is that McCourtney lost his appeal and there was no remand, while in the cited case the trial Court's jurisdiction was reacquired when the cause was sent back with directions.

Effect of the Jones Construction opinion is to say that a motion to retax costs that require judicial action should be made promptly, and where not made until after appeal has been taken, it is too late; but where the costs are fixed by statute and judicial action is not required to determine whether the Clerk's demands are excessive, the procedure is treated as ministerial and the remedy may be invoked at any reasonable time.

Here the costs were not definite and certain. The appellant contended that by reason of his own work in preparing the transcript, the appellee was without legal authority to say that fees were applicable to a Clerk-prepared transcript. The Court had to decide this question. Furthermore, the matter in controversy related to the appeal record, and the Clerk then acted ''as the officer of this Court''—or so we said in the CarlLee case.

Let us see what the practice has been. *Childress* v. *Tyson,* 200 Ark. 1129, 143 S. W. 2d 45, was decided July 8, 1940. October 28th of that year the appellant's motion to retax the cost was considered by this Court. The bill was reduced from $766.30 to $443.81.

The judgment in *McCoy-Couch Furniture Mfg. Co.* v. *Zahringer* (208 Ark. 581, 186 S. W. 2d 922) was affirmed April 23, 1945. A partial transcript had been filed by the appellant with a prayer for *certiorari.* The Clerk's return was his admission that the transcript was ready, but that the appellant had refused to pay the fee bill. We directed that the transcript be filed when the appellant tendered into the registry of this Court the sum of $31.35—the amount demanded by the Clerk. The parties later stipulated that the transcript cost should be $5.71. The difference of $25.64 was returned to the appellant.

The procedure was similar in *Coley* v. *Westbrook*, 208 Ark. 914, 188 S. W. 2d 141. The judgment was reversed June 11, 1945. The appellant tendered $40 to the Supreme Court registry—slightly more than the Clerk demanded—and asked for *certiorari* to bring up the record. This Court found that the cost bill should be $11.45.

On March 3, 1947, issues presented in *Sumlin* v. *Woodson*, 211 Ark. 214, 199 S. W. 2d 936, were decided. The appellee's motion to retax costs was denied April 4, 1947, with the statement that the opinion contained an order affecting costs, hence the motion was in the nature of a petition for rehearing, and filed out of time.

The effect of the majority opinion is to entertain the appeal and adjudicate rights in circumstances where we have formerly ruled to the contrary.