AMA HOGUE *v.* WILLIAM F. HOGUE ET UX

5-5476                                      464 S. W. 2d 67

Opinion delivered March 8, 1971

*Shaw & Shaw,* for appellant.

*Joe H. Hardegree,* for appellees.

GEORGE ROSE SMITH, Justice. The issue here is the retaxing of costs. Upon the first appeal we modified the decree and remanded the cause for the entry of a decree consistent with the court's opinion. *Hogue* v. *Hogue,* 247 Ark. 914, 448 S. W. 2d 627. Our judgment and mandate directed that the cost of the appeal be divided equally between the two parties. The cost statement attached to the mandate recited total costs of $291.50. That total included a transcript or record fee of $71.50, as certified by the clerk of the trial court.

There was, however, no charge for the reporter's transcription of the testimony, because that item was not shown in the original record.

Upon receipt of the mandate the trial court entered a new decree conforming to this court's opinion and taxing equally the total costs of $291.50. The present appellees promptly filed a motion to set aside that decree and to permit the appellees to show their actual costs. At the ensuing hearing the appellees proved that they had paid $883 for the reporter's transcript of the testimony. The chancellor accordingly vacated his second decree and entered a third decree dividing equally between the parties the actual total costs of $1,174.50. This appeal is from that redetermination of the costs.

For the information of the bar we should state at the outset that it is not unusual for an appellate record to omit one or more items of costs, such as the reporter's fee. Such an omission is frequently carried forward in the statement of costs which the clerk of this court attaches to the mandate. Its correction is usually a ministerial matter involving merely a certification, by the clerk of the trial court, of the true amount of the costs. Upon that certification our clerk issues a new statement of costs, to replace the one that first accompanied the mandate.

Our procedure, though routine, has apparently not previously been described in an opinion, which doubtless explains why a different corrective process was followed in this instance. The chancellor, however, reached the right result; so we affirm his decision.

We do not agree with the appellant's insistence that the trial court was without jurisdiction to determine the correct amount of the costs. Upon the first appeal we exercised our judicial discretion, in an equity case, by deciding that the *liability* for the costs should be borne equally by the parties. Supreme Court Rule 24 (d). The determination of the exact *amount,* however, might properly be left to the trial court. See, *e. g., Lewis* v. *D. F. Jones Constr. Co.,* 194 Ark. 602, 108 S. W. 2d 1093

(1937). In fact, that procedure is often desirable and appropriate, for the trial court is in a better position than we are to hear evidence upon a disputed issue of fact. Here we find no reason to disturb the chancellor's conclusion, which was right.

Affirmed.

JONES, J., not participating.