Alice L. BACK and Rose H. LASKER, Individually
and as Trustee *v.* UNION LIFE INSURANCE COMPANY

CA 81-375                                              634 S.W.2d 150

Court of Appeals of Arkansas
Opinion delivered June 9, 1982

*C. Richard Crockett* of *Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P.A.,* for appellants.

*Davidson, Plastiras, Horne, Hollingsworth & Arnold, P.A.,* for appellee.

James R. Cooper, Judge. Appellants agreed to sell certain real property to Mr. Arch Pettit for the sum of $161,000.00, with $45,000.00 as a down payment and a remaining balance of $116,000.00 secured by a note and mortgage. A deed of trust was also executed, contemporaneously with the execution of the mortgage, in favor of the appellee in the original principal sum of $200,000.00. Appellants agreed to subordinate their mortgage to the

appellee's deed of trust. Mr. Pettit defaulted on his payments to appellee, and appellee filed a suit seeking foreclosure. Appellants argued at trial that appellee was under a duty to supervise the disbursement of the loan proceeds to Mr. Pettit and that Mr. Pettit had wrongfully induced appellants to subordinate their mortgage. Appellants alleged that their mortgage should be found to be superior to the appellee's deed of trust. The trial court found that the appellee did not owe any duty to appellants concerning the disbursements of loan proceeds; that appellee had no notice of any misrepresentations, if any had occurred; that appellee's deed of trust was superior to the appellants' mortgage; and that appellants had waived their vendor's lien. From that decision comes this appeal.

A vendor of land has an equitable lien on the land for the unpaid purchase price, as against the purchaser and subsequent purchasers with notice. *Hogue v. Hogue,* 247 Ark. 914, 448 S.W.2d 627 (1969), after remand, 250 Ark. 102, 464 S.W.2d 67 (1971); *Wilson v. Shocklee,* 94 Ark. 301, 126 S.W. 832 (1910). The vendor, by taking a mortgage on the lands sold in order to secure the payment of the purchase price, waives his equitable lien and must rely on the mortgage. *Neal v. Speigle,* 33 Ark. 63 (1878); *Jack Collier East Company v. E. C. Barton & Company,* 228 Ark. 300, 307 S.W.2d 863 (1957). A mortgagee, who accepts a mortgage which recites a prior mortgage, is estopped to deny the superiority of the prior mortgage. *Mark v. Maberry,* 222 Ark. 357, 260 S.W.2d 455 (1953).

In chancery cases, the decision of the chancellor will be reversed only when the appellate court finds his decision to be clearly erroneous or against a preponderance of the evidence, after giving due regard to his opportunity to determine the credibility of the witness. Ark. Rules of Civ. Proc., Rule 52 (a); *Andres v. Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981).

Appellants testified that Mr. Pettit induced them to agree to subordinate their mortgage to the appellee's deed of trust, by telling them that he planned to use the proceeds from the appellee's loan to substantially improve the

property purchased from appellants. It is essentially uncontradicted that Mr. Pettit did discuss with the appellants his plans for the property, but it is disputed whether that representation induced appellants to agree to subordinate their mortgage. In any case, there is no evidence to show that appellee had knowledge of any representation made by Mr. Pettit to appellants. Appellants had the opportunity, prior to agreeing to subordinate their mortgage, to require that the funds be disbursed as a construction loan, *i.e.,* funds would be disbursed as construction progressed on the subject property. They did not choose to do so. Even if Mr. Pettit misrepresented the facts to appellants, which we do not find, appellants have waived, as to appellee, any right to complain regarding the use to which Mr. Pettit put the proceeds of the appellee's loan. The chancellor's decision holding that appellee's deed of trust was superior to the appellants' mortgage is not clearly erroneous or against a preponderance of the evidence.

Affirmed.