Danforth v. Lowe.

—————o—————

Rufus Danforth, Respondent, *vs.* William Lowe, Appellant.

1. *Judgment—Reinstatement of cause after lapse of term.*—After the term at which final judgment in a cause is rendered, has elapsed, the court has no power to reinstate the cause upon the docket, or to take any further steps. And motions for new trial and in arrest filed for the first time at the subsequent term, are *coram non judice,* and must be disregarded, notwithstanding such reinstatement. [W. S., 1059, §§ 6, 11.]

*Appeal from Johnson Court of Common Pleas.*

*Elliot & Blodgett,* for Appellant.

*Crittenden and Cockrell,* for Respondent, cited, 11 Mo., 117 ; 1 Clark, (Iowa,) 571.

Wagner, Judge, delivered the opinion of the court.

This was an action commenced on an open account.

A trial was had at the regular September Term of the court, 1871, which resulted in a verdict for plaintiff, upon which judgment was rendered in his favor. At that term no motion was filed for a new trial, no bill of exceptions was

Danforth v. Lowe.

made out, and no efforts were made to appeal the case. At the next succeeding term, the appellant moved the court to reinstate the case on the docket, which motion was sustained. A motion was then filed for a new trial, and in arrest of judgment, both of which being overruled, the appellant then presented his bill of exceptions, and took an appeal.

The action of the court was irregular and unauthorized. After the term had elapsed, at which final judgment was taken, the court possessed no further control or jurisdiction over the case. It then had no power to reinstate the cause on the docket, or to take any further proceedings.

The statute requires that all motions for re-hearing and in arrest, shall be filed within four days after the trial, if the term shall so long continue; and if not, then before the end of the term; and it further provides, that no appeal shall be allowed, unless made during the term at which the judgment or decision appealed from, was given. (W. S., 1059, § 6-11.) There was no attempt made to comply with the law at the trial term, as regards taking the appeal.

When the cause was reinstated, there was no new trial, but it seems to have been again placed on the docket, solely for the benefit of the appellant, to enable him to supply an omission, and do what he neglected to do, when the case was properly before the court.

The reinstating the cause, the filing of the motion for a new trial, and granting the appeal, were all acts done, *coram non judice*, and must be disregarded.

Wherefore the judgment must be affirmed. Judges Vories and Sherwood concur; Judges Adams and Napton not sitting.