THE CAIRO BREWING COMPANY et al., Plaintiffs in Error, v. JAMES R. HOGG, Defendant in Error.

Springfield Court of Appeals, February 7, 1910.

1. CIRCUIT COURTS: Jurisdiction: Reinstatement of Case at Term Subsequent to Term at Which it was Dismissed. Where a cause has been dismissed by plaintiff, and no further entry or order concerning the case is made at that term, then after the adjournment of that term the case was out of court and the court lost all jurisdiction thereof and was powerless to reinstate it, or make any orders at a subsequent term without the voluntary appearance and consent of all the parties.

2. ———: ———: ———: Reinstated for Special Purpose
Cannot be Tried on Merits. Where a suit is reinstated on
motion at a term subsequent to the term at which it was dis-
missed, and reinstated for the purpose only of having the costs
taxed, it cannot be tried on the merits except by consent of
all the parties. Where all the parties consent to the reinstate-
ment of the case to be tried on the merits, it is in legal con-
templation a new suit instituted at the time of the entry of
appearance of the parties.

3. ———: ———: ———: ———: Special Appearance. Even
though a plaintiff may appear and file a motion to strike from
the docket a case that has been reinstated on a motion to
tax the costs at a term subsequent to the term of its dis-
missal, and the said party also agrees that the cause be con-
tinued, yet such appearance and agreement to continue apply
only to the motion to tax costs, and is not such an appearance
as will give the court jurisdiction to try the case on its mer-
its at a subsequent term at the instance of the defendant, and
in the absence of and without the consent of plaintiff and a
judgment against the plaintiff on the merits in such a case
would be rendered without authority.

4. COSTS: Motion to Tax May be Filed When. A motion to
tax costs may be filed in a case after the term at which the
cause is disposed of.

Appeal from Butler Circuit Court.—*Hon. J. C. Shep-
pard,* Judge.

Reversed.

*Lew R. Thomason* for plaintiffs in error.

(1) Although there was neither motion for a new
trial in arrest of judgment nor bill of exceptions filed
in the cause, it is the duty of appellate courts to con-
sider errors apparent upon the face of the record. Con-
struction Co. v. Sessinghaus, 106 Mo. App. 163; Land
Co. v. Bretz, 125 Mo. 418; Hudson v. Cahoon, 193 Mo.
547. (2) Where error is material the judgment will
be reversed. McIntire v. McIntire, 80 Mo. 470; Orch-
ard v. Bank, 121 Mo. App. 338. (3) After the term
has elapsed at which a final judgment is rendered in
a cause, the court is possessed of no further control

or jurisdiction over the cause; it has no power to reinstate the cause on the docket nor take any other steps or proceedings therein. Freeman on Judgments (4 Ed.), secs. 70, 90; 1 Black on Judgments, sec. 306; Danforth v. Lowe, 53 Mo. 217; Jamison v. Kinsey, 85 Mo. App. 298; Warren v. Manwarring, 173 Mo. 38; State ex rel. Brown v. Walls, 113 Mo. 46.

*Phillips & Phillips* for defendants in error.

(1) A continuance by agreement of parties is tantamount to a general appearance and waives the question of jurisdiction. Baisley v. Baisley, 113 Mo. 544; Ivy v. Yancey, 129 Mo. 506; Seay v. Sanders, 88 Mo. App. 485; Crawfen v. Railroad, 171 Mo. 78; Julian v. K. C. Star, 209 Mo. 137; Harrison v. Murphy, 106 Mo. App. 470, 132 Mo. App. 300; Peters v. Railroad, 59 Mo. 406; Bohn v. Devlin, 28 Mo. 319; Fane v. Yunter, 82 Mo. 522; Trimble v. Elkin, 88 Mo. App. 236; Meyer v. Insurance Co., 184 Mo. 489. (2) As to jurisdiction waived by appearance and by pleading. Dodge v. Knapp, 112 Mo. App. 523; State ex rel. v. Baker, 170 Mo. 194, 383; State ex rel. v. McElhinney, 199 Mo. 67. (3) Whatever merit, if any, there might have been in the position now taken that the court had no jurisdiction to render the judgment was undoubtedly waived by the appearance of the Cairo Brewing Company in filing its motion to dismiss, and by being granted several continuances, and by agreeing to another, and by participating in the proceedings from start to finish. Cook v. Spence, 132 S. W. 340; Lower v. Moore, 52 Mo. 118; Meyer v. Hotel Co., 163 Mo. 68; Clark v. Brotherhood, 99 Mo. App. 693; Harrison v. Murphy, 106 Mo. App. 470; Baker v. Railroad, 107 Mo. 239. (4) The Supreme Court or Court of Appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action. R. S. 1889, sec. 865; Berk-

son v. Railway, 144 Mo. 211; Price v. Haeberle, 25 Mo. App. 207; Miller v. Lange, 84 Mo. App. 222; Henry v. Railroad, 113 Mo. 525; Comfort v. Ballingal, 134 Mo. 281; Busby v. Glenn, 107 Mo. 331; Hansford v. Kansas City, 103 Mo. 172.

STATEMENT.—The history of this case is substantially as follows:

The sheriff of Butler county had levied upon 205 cases of beer, under two writs of attachment—one in case of Paul Jones & Company v. Gray & Company; the other in the case of W. B. Hays Bottling Company v. Gray & Company. After these levies and seizure of the property by the sheriff, the Cairo Brewing Company brought suit in replevin against the sheriff, James Hogg and secured possession of the beer. At the April term, 1907, a compromise was entered into between the plaintiff, Cairo Brewing Company, and the attaching creditors, by which the property secured by the brewing company, under this writ of replevin, was released to it, and the plaintiff then dismissed the suit in replevin and nothing further was done at that term. At the July term, 1907, Paul Jones & Company appeared in court, and in the case of Paul Jones & Company v. Gray & Company—being one of the attachment suits aforesaid—filed a motion, asking that the case of Cairo Brewing Company v. Hogg, which had been dismissed at the previous term of court, be reinstated and alleging as grounds therefor that the brewing company and the attaching creditors had compromised their matters, and in the compromise the attached property had been released to the brewing company, and the brewing company had agreed to pay the costs in the case of Paul Jones & Company v. Gray & Company, and had refused to do so, and they prayed the court to reinstate that case and make an order therein requiring the brewing company to pay said costs as it had agreed to do. This motion was sustained and the case of the Cairo Brewing

Company v. Hogg ordered redocketed and case contin-
ued, but no action taken as to taxing costs. Notice of
the filing of this motion had been served on the attorney
of the brewing company two days before filing it, but
there was no appearance by the brewing company at
that term. This case was then continued to the next
term. At the October term, 1907, an order was made in
case of Cairo Brewing Company v. Hogg, redocketing it
and continuing it until the next term. At the January
term, 1908, the case was continued to the next term.
During all this time, there was no appearance by any
party except Paul Jones & Company who filed the mo-
tion to reinstate. At the April term, 1908, plaintiff,
Cairo Brewing Company, appeared and filed a motion
to strike the case from the docket, alleging as grounds
therefor that the case had been compromised and set-
tled and the costs paid, and the attached property re-
leased to plaintiff, and hence, there was nothing for the
court to try. No action was ever taken on this mo-
tion. At the October term, 1908, the record shows a
continuance "by agreement of the parties hereto." At
the January term, 1909, the record shows a judgment
in the case in favor of defendant, Hogg, in the replevin
action and against the plaintiffs, Cairo Brewing Com-
pany, W. A. Smith and George D. Kirkhoff, their sure-
ties on the replevin bond, adjudged the defendant en-
titled to the possession of the property and assessing
its value at $400—damages at $78. Plaintiff did not
appear at that term.

COX, J.—The question to be determined here is
the validity of the judgment entered at the January
term, 1909. We first observe that this case was dis-
missed by plaintiff at the April term, 1907, and no fur-
ther entry made at that term. It follows then that after
the adjournment of that term, the case was out of court
and the court lost all jurisdiction thereof and was
powerless to reinstate it, or make any orders in that

case at a subsequent term without the voluntary appearance and consent of all the parties. [Danforth v. Lowe, 53 Mo. 217; Warren v. Manwarring, 173 Mo. l. c. 38, 73 S. W. 447.]

After this dismissal and the adjournment of the term this case was out of court as completely as if it had been tried on its merits, and a final judgment rendered. If it ever got back into court, how did it get back, and for what purpose? It could only be reinstated for trial upon its merits by consent of both parties, and this consent must be shown to be for the purpose of a trial on the merits, and after a reinstatement in this way, the case would, in legal contemplation, be a new suit instituted at the time of the entry of appearance of the parties and not a continuation of the original case.

In this case we find a stranger to this action, Paul Jones & Company, who, though they may have been interested in some way, yet are not parties to the record, coming into court, and in another case, to-wit: that of Paul Jones & Company v. Gray & Company, filing a motion in that case to reinstate the case of the Cairo Brewing Company v. James R. Hogg. The court sustained that motion in that case and made the order as requested, reinstating the case of Cairo Brewing Company v. Hogg. It is clear that this order was a nullity and did not have the effect to reinstate the brewing company case, nor did it invest the court with jurisdiction to take any steps therein. At the October term, 1907, appears the first order of court made in this case after its dismissal in April, 1907, which is as follows:

"Cairo Brewing Company v. James R. Hogg.

"Now at this time, a motion, heretofore filed to have cause redocketed, is, by the court, sustained, the cause is ordered docketed and continued until the next regular term of this court."

The motion referred to in this order is evidently the motion filed by Paul Jones & Company in the other

case, and upon which the order made therein reinstating this case was made in July, 1907. There was no appearance of any kind by plaintiff at this term, and it is clear that up to this time the court had acquired no jurisdiction over plaintiff and could not have made any order at that time that would bind it. At the next term, January, 1908, there was no appearance by plaintiff and the cause was ordered continued to the next term. At the April term, 1908, plaintiff appeared and filed a motion to strike the case from the docket. At that time the only parties in court were Paul Jones & Company and plaintiff. Paul Jones & Company had filed the original motion to reinstate, and this for the purpose of having taxed against plaintiff, Brewing Company, the accrued costs in the case of Paul Jones & Company v. Gray & Company. Plaintiff was in court to resist that motion, and at this time, the only matter before the court was this motion which was, in effect, a motion to tax costs, and in which no one was interested except the brewing company and Paul Jones & Company. The motion to reinstate shows that the reinstatement of the case was not asked for the purpose of having the case disposed of upon its merits, but was for a special purpose only, namely: that of taxing certain costs against plaintiff. The defendant in the case, Hogg, had not appeared and was not a necessary party to a hearing on the question between Paul Jones & Company and the brewing company as to the taxing of costs.

It is contended by defendant in error that the record made at the October term, 1908, which recites that the case was continued "by agreement of the parties hereto," means that all parties consented to the continuance, and that that gave the court jurisdiction in the entire case. With this we do not agree. At the time this order was made, the only parties in court were Paul Jones & Company and the brewing company, and the recital in the order "by agreement of parties hereto" must, therefore, be held to refer only to the parties then

in court and cannot be held to include Hogg, the defendant. This being true, there is nothing in this record to show that defendant, Hogg, made any appearance until the day the judgment was rendered in his favor at the January term, 1909, and we do not think that his appearance at that time gave the court jurisdiction to enter judgment in his favor and against plaintiff on the merits of the replevin suit. The replevin suit had been dismissed, and that order of dismissal had not been set aside, and while the record recites that the replevin suit of the Cairo Brewing Company v. James R. Hogg was reinstated as a matter of fact, such was not the case. The only matter before the court at any time, after the dismissal, was the question of taxing costs, and while it was proper for the purpose of the motion to tax costs to carry the case on the docket in the name of the original parties, yet doing so did not reinstate the case for any purpose other than that contained in the motion. The appearance of plaintiff by filing a motion to strike from the docket because the costs had been paid, and its subsequent agreement to continue could only apply to the motion to tax costs, filed by Jones & Company, and by no rule of pleading can this conduct upon its part be construed to mean an appearance for the purpose of relitigating the merits of the action with the defendant, Hogg.

A motion to tax costs may be filed in a case after the term at which the case is disposed of, but it cannot be said that the filing of such a motion, and an appearance thereto by the other party reinstates the case for trial on the merits, much less would this be true where the motion to tax costs is filed by one not a party to the record in the original suit. It follows that this judgment was rendered without authority, and should be reversed. It is so ordered. All concur.