## MARVIN v. PIERSON.

### No. 12310.

Court of Civil Appeals of Texas. Dallas.

March 5, 1938.

Rehearing Denied April 9, 1938.

O. F. Wencker and Angelo Piranio, both of Dallas, for appellant.

Emil Corenbleth and Sam Passman, both of Dallas, for appellee.

BOND, Chief Justice.

Appellant instituted suit against appellee, on two notes of $238.56 each; appellee answered, denying liability on the notes and setting up cross-action over against appellant. On November 16, 1934, at a regular term of court, on its own motion and without the knowledge of either plaintiff or defendant, the court dismissed the suit for want of prosecution and entered judgment accordingly. On March 16, 1935, at a subsequent term, appellant learned of the judgment of dismissal, and presented in court an application, jointly signed by the attorneys for both plaintiff and defendant, which, after deleting the style and formal parts, reads: "It is hereby agreed between counsel for plaintiff and defendant that this cause be reinstated and placed upon the docket of this court and have the same status as before the time of dismissal; that said cause was dismissed by the court in the November term of said court and that there existed at that time an agreement between the counsel for plaintiff and defendant to pass said cause and it was not intended that it be dismissed. Wherefore, plaintiff and defendant pray the court that this cause be reinstated and placed back upon the docket of the court and have the same status as before dismissal; for trial during the May Term."

On March 19, 1935, on hearing the court sustained the application and entered judgment, reinstating the cause and placing same back upon the docket of the court in the status as before dismissal.

On April 28, 1936, the defendant, appellee herein, filed motion to set aside the order entered on March 19, 1935, on the ground that the court, after judgment of dismissal, was without jurisdiction at a subsequent term of court to entertain the joint motion of plaintiff and defendant and reinstate the cause on the docket of said court. The court sustained defend-

ant's motion and entered judgment, setting aside the previous judgment of March 19, 1936, reinstating the cause, and dismissing appellant's suit, from which this appeal is prosecuted.

It will be observed that the application to reinstate the cause was a joint application of plaintiff and defendant to grant relief from a judgment of dismissal, entered without their knowledge and contrary to their agreement that the cause be continued, by which both parties were grievously affected. Manifestly, it was a modest appeal to the equitable powers of the court to right a wrong; and, while in form the application did not contain all the substantial requisites of an original application for a new trial in the nature of a bill of review, which, at that time, may have been available under our system of procedure, after the adjournment of the court for the term in which the judgment for dismissal was rendered (article 2236, R.S.); yet, we think, to have denied the relief would be to have allowed form to prevail over substance to the defeat of justice. It was then too late to file a motion for new trial, and the only thing open to the aggrieved parties was an appeal to the equitable powers of the court. This, the parties did and, we think, by their joint application, waived all the statutory requisites incident to a bill of review. The jurisdiction of the court over the persons of the parties was again invoked and, in the mode adopted, we think the court's action thereon, reinstating the cause, was the exercise of its equitable powers, and the parties estopped to claim that such application was not in compliance with the procedural statutes relating to bills of review, or that the court was without jurisdiction to entertain the motion and reinstate the cause.

Because the court erred in setting aside the judgment reinstating the cause, the judgment is reversed and the cause remanded for further proceedings, in accordance with this opinion.

Reversed and remanded, with instructions to vacate the judgment setting aside the order reinstating the cause, and dismissing the suit, and allow the cause to remain on the docket for further proceedings, in accordance with the judgment of March 19th, 1936.

YOUNG, Justice (dissenting on rehearing).

This cause had been regularly set for trial and upon call of the docket was dismissed for want of prosecution, by reason of the agreement above quoted not having been communicated to Judge Nash. Such dismissal by the trial court, if mistakenly ordered, was a judicial and not a clerical error; and, after expiration of the term, an independent proceeding containing all of the elements of a bill of review is essential to again invoke the jurisdiction of the court. Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819. That the parties intended their transactions to be merely an agreed motion for a new trial, and that the agreement intrinsically lacked the material features of a bill of review in equity, is beyond question. Even if the joint application be deemed to have waived the equitable requisites of such a bill, yet, in this character of proceeding, the law does not contemplate merely the granting of a new trial and reinstatement of the case for trial at a future day, but, rather, it contemplates a re-examination of the entire case. Green v. Green, Tex. Com.App., 288 S.W. 406; Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022. The following statement in Wear v. McCallum, Judge, 119 Tex. 473, 33 S.W.2d 723, 724, is pertinent: "The respondent Lyles, joined by respondent Feagin, prayed that 'said judgment be set aside and his motion for new trial or bill of review granted,' etc. The district judge denominates their pleading a bill of review, but acted upon it and treated it as a motion for a new trial. In other words, instead of proceeding to a hearing and determination of the merits of the whole controversy and the rendition of a final judgment in the case, as is the function and purpose of a bill of review, he simply granted a new trial. He entered his order that the judgment theretofore rendered in the case be vacated and held for naught, and the case was reinstated on the docket for trial in the future as in other cases of new trial. For the purpose of granting a new trial his order was void, as the judgment had become final under the law. The pleading of respondent Lyles, joined by Feagin, was insufficient as a bill of review."

Judge Bookhout of this court, in Sperry v. Sperry, 103 S.W. 419, 421, said: "The courts enforce the rules governing the granting of motions for new trials after the expiration of the term with much strictness." Relief will not be granted, unless the party seeking it can clearly

show, to the satisfaction of the chancellor, that he has a good defense or cause of action, which he was prevented from asserting, by fraud, accident, or mistake, or acts of the opposite party, wholly unmixed with any fault or negligence on his part. Johnson v. Templeton, 60 Tex. 238, 239. It will be noted that the only case cited by appellant in support of the validity of the order of reinstatement in question (Mc-Cord-Collins Commerce Co. v. Stern et al., Tex.Civ.App., 61 S.W. 341), contains all of the substantial requisites of a bill of review, including a showing of meritorious cause of action. It may be that the agreement of the parties herein was an effective substitute for the necessary pleading and proof above referred to, and that appellee by his joinder was estopped to attack the order of reinstatement, but personally I doubt the validity of the agreement itself. If the court's jurisdiction of the cause was lost, to be vitalized and rendered active only through an original petition for a new trial, in the nature of a bill of review, the parties cannot confer such potential jurisdiction by agreement; nor can estoppel be urged, if the agreed judgment of reinstatement be in fact void. At most, the effect of the joint application was the institution of a new suit, as of the date of its filing, and not a continuation of the original case. Cairo Brewing Co. et al. v. Hogg, 141 Mo.App. 391, 125 S.W. 831; United States v. Harris, 7 Cir., 80 F.2d 771. For these reasons, I have concluded that this cause should be affirmed, and here enter my dissent on rehearing.