**William T. FLYNN (Plaintiff), Appellant,**

**v.**

**FIRST NATIONAL SAFE DEPOSIT COMPANY (Garnishee), Respondent.**

**William T. FLYNN (Plaintiff), Appellant,**

**v.**

**FIRST NATIONAL BANK IN ST. LOUIS (Garnishee), Respondent.**

Nos. 28950, 28951.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1954.

N. Murry Edwards, Ninian M. Edwards, Jr., St. Louis, for appellant.

Thomas S. McPheeters, Jr., and John L. Donnell, St. Louis, Bryan, Cave, Mc-Pheeters & McRoberts, St. Louis, of counsel, for respondent.

RUDDY, Acting Presiding Judge.

Appellant, plaintiff in the trial court, appeals from two orders of the Circuit Court made in two garnishment actions, wherein the Circuit Court in each action, on motion of the garnishee, allowed each garnishee $250 for its attorneys' fees. Separate judgments were entered in each garnishment proceeding and separate appeals have been taken in each case. Identical motions, procedures and allowances are involved in each of the garnishment proceedings and both appeals will be disposed of in this opinion.

On April 1, 1953, writs of garnishment were issued in behalf of plaintiff, William T. Flynn, and directed to the First National Safety Deposit Company and the First National Bank in St. Louis, garnishees-respondents herein. We shall refer to the parties as plaintiff and garnishees. The writs of garnishment were issued by vir-

tue of an execution issued in favor of plaintiff and against defendant in the original proceeding. The amount alleged to be due in the execution was the sum of $43,260 together with interest thereon.

On May 28, 1953, the garnishees filed their separate motions to quash the writs of garnishment. Each motion to quash the writ of garnishment contained a prayer for allowance to the garnishee for its attorneys' fees and costs, and further prayed that such allowance be taxed as costs against plaintiff. On September 18, 1953, the trial court entered its orders sustaining each motion of the garnishee to quash the writ of garnishment. These orders of the trial court failed to include any allowances to the garnishees for attorneys' fees and costs.

On September 21, 1953, plaintiff filed his notices of appeal to the Supreme Court of Missouri from the aforesaid orders of the trial court. These appeals were taken to the Supreme Court because the amount in dispute is determined by the amount for which the execution was issued, Flynn v. Janssen, Mo., 266 S.W.2d 666; Rostenberg v. Rostenberg, Mo.App., 199 S.W.2d 894, and said appeals are now pending there.

Thereafter, on September 25, 1953, each garnishee filed its motion in the trial court for an allowance, wherein it alleged that the summons in garnishment had been quashed by the order of the court pursuant to the motion of the garnishee, and further alleged, that by reason of the issuance of such summons in garnishment and of the proceedings taken in said garnishment case, it was necessary for the garnishee to employ the services of counsel in order to protect garnishee against a claim by the defendant in the original action. Each motion further alleged that the property and effects of said defendant would be wrongfully paid over by the garnishee pursuant to said summons in garnishment, unless the garnishment writ was quashed, and that said garnishee had become obligated to its counsel for reasonable attorneys' fees and gave as its opinion that the reasonable value of such services was the amount of $250. Each motion contained a prayer for an order in the amount of $250 and that such allowance be taxed as costs against plaintiff.

On October 5, 1953, a hearing on these motions was held by the trial court, at which hearing testimony concerning the extent of the services rendered by the attorneys representing the garnishees was presented. On this occasion plaintiff objected to the hearing of the motions on the ground that the trial court had no jurisdiction to hear or rule on said motions. Thereafter, on the 15th day of October, 1953, the court made and entered the following order in each garnishment proceeding: "Garnishee's motion for allowance of attorneys' fee granted. Garnishee allowed $250.00 attorneys' fee to be taxed as costs against the plaintiff." It is from these orders that plaintiff appeals to this court.

It is seen from the aforesaid statement of facts that the motions for allowances were filed and the orders thereon were made after the notices of appeal from the orders sustaining the garnishees' motions to quash the writs of garnishment were filed. It is the contention of plaintiff that the trial court had no jurisdiction to make and enter the orders for allowances to the garnishees after plaintiff filed his notices of appeal to the Supreme Court from the orders quashing the writs of garnishment.

■ We cannot answer this contention because we have concluded that we do not have jurisdiction of these appeals. No question of our jurisdiction has been raised by the parties to these appeals, but if we have no jurisdiction, it is our duty to transfer the cases to the Supreme Court and this is true, although the lack of jurisdiction has not been raised by either party.

■ It is our opinion that the allowances made to the garnishees are costs and the orders of the trial court taxed the allowances as costs against the plaintiff. In support of the conclusion we have reached, we first relate the rule governing the taxation of litigation costs in proceedings of the nature of the case at bar. In a long line of cases, some of which are cited below, it has been held that where the

costs are definite and fixed by statute, the clerk in the first instance is by law required to tax the costs of the case, which, of course, is purely a ministerial duty, and, when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes; but not so in regard to the taxation of costs, which requires judicial investigation and determination. In such a case, the clerk has no authority whatever to act, except as ordered by the court; in that case the court alone can order the costs taxed or retaxed, which must be done upon judicial investigation and determination and during the term of court at which the final judgment in the cause is rendered, for it is elementary that with the lapse of the term at which the final judgment is rendered the jurisdiction of the court over the cause ceases. Burton v. Chicago & A. R. Co., 275 Mo. 185, 204 S.W. 501; Niedringhaus v. Wm. F. Niedringhaus Investment Co., Mo.App., 54 S.W.2d 79; State ex rel. Williams v. Daues, 334 Mo. 91, 66 S.W.2d 137; Aetna Insurance Company v. O'Malley, 342 Mo. 800, 118 S.W.2d 3; Christian County v. Dye (Bank of Highlandville, Garnishee) Mo., 132 S.W.2d 1018.

The case of Christian County v. Dye (Bank of Highlandville, Garnishee), supra, was an appeal from an order allowing attorneys' fees to a garnishee. In that case the court said: "Allowance of attorneys' fees and expenses authorized by Section 1419, R.S.1929, Mo.St.Ann. § 1419, p. 1628 (Section 525.240 RSMo 1949, V.A.M.S.), would, of course, require judicial action." (Parenthesis ours.) 132 S.W.2d loc. cit. 1019. The statute referred to authorizes the allowance of a reasonable attorney's fee to the garnishee if the plaintiff fails to recover judgment against such garnishee.

In the case of Ladd v. Couzins, 52 Mo. 454, loc. cit. 456, the Supreme Court after holding that the allowance to the garnishee could not be regarded in any other light than as costs and should be taxed as such, then said: "It follows from this view that the allowance cannot be made after the term at which the judgment discharging the garnishee is rendered *inasmuch as it forms a component part of the judgment."* (Emphasis ours.) In further emphasis of the statement that the allowance forms a component part of the judgment, the court in the aforesaid case said: "* * * unless these expenses are something different from costs and form the subject of an independent demand against the plaintiff, for which a distinct judgment might be rendered, which as I have endeavored to show, cannot be so regarded." Loc. cit. 456. The aforesaid quoted statements were approved by the Supreme Court in the case of State ex rel. Williams v. Daues, 334 Mo. 91, loc. cit. 98, 66 S.W.2d 137, loc. cit. 140.

The allowances made to the garnishees in the appeals before us were costs and were, pursuant to the statute, to be adjudged and taxed against plaintiff and as such costs formed a component part of the judgments sustaining the garnishees' motions to quash the writs of garnishment.

The orders taxing the allowances as costs against plaintiff were part of the original proceedings wherein garnishees' motions to quash the writs of garnishment were sustained and were, therefore, parts of the judgments appealed to the Supreme Court.

The case of Sandusky v. Routt, Mo.App., 141 S.W. 11, was an appeal from an order taxing a fee of $600 in favor of the heirs of Mary E. Dorsey as costs to be paid out of trust funds in the hands of the appellants. Sidney G. Sandusky was executor under the will of Mary E. Dorsey and as executor filed in the Clay County Circuit Court a petition for construction of her will. The trustee and all of the legatees under the will and the collateral heirs of Mary E. Dorsey were made defendants. The collateral heirs attacked the validity of some of the bequests made in the will. The trial court sustained the will and overruled the contention made by the collateral heirs. These heirs appealed to the Supreme Court. The

decree entered by the trial court provided that all the costs incurred in the case were to be paid by the executor out of the funds in his possession. When the decree was entered by the trial court, the heirs asked that an attorneys' fee be allowed to them and that it be taxed as costs in the case. After hearing the evidence on the motion, the court sustained the same and made an order allowing $600 attorneys' fees in favor of the heirs. The executor and trustee filed their motion to set aside said order allowing said fee, which was overruled, and from this ruling the executor and trustee appealed to the Kansas City Court of Appeals. The respondents in the appeal from the allowance of the fee, filed a motion in the Kansas City Court of Appeals to transfer the case to the Supreme Court on the ground that the order allowing said fee was a part of the original cause which had been appealed to the Supreme Court. The Kansas City Court of Appeals in disposing of this motion said: "It is true the allowance was for $600, which amount in a controversy would ordinarily in a separate proceeding give this court exclusive jurisdiction on appeal, but as the amount was taxed as costs in the case, it is a part of the judgment itself, as the court had no authority to render any separate judgment whatever for costs; that is to say, there could only be one judgment. * * * The allowance is in no sense a judgment of itself, but is part of the judgment of the court from which the appeal was taken, and followed as a matter of taxation as costs in the case. And whether the allowance was proper can only be determined under the peculiar nature of the litigation by the questions involved in the issues raised by the pleadings and evidence; that is to say, as the proceeding is to construe a will on the part of the executor and to contest its validity upon the part of the heirs of the deceased, *it will be necessary to determine those conflicting interests before it can be understood whether the allowance should be made.*

"We are of the opinion that this case cannot be treated as a separate appeal, but must necessarily be a part of the case appealed to the Supreme Court." (Emphasis ours.) 141 S.W. loc. cit. 11.

The Supreme Court accepted jurisdiction of this case in Sandusky v. Sandusky, 265 Mo. 219, 177 S.W. 390, and at loc. cit. 393, the Supreme Court said: "This appeal was properly transferred here by the Kansas City Court of Appeals. [Sandusky v. Routt, 141 S.W. 11.] Where both parties appeal, and the amount in dispute in either appeal is within the jurisdiction of this court, both appeals should be sent here." The Supreme Court had decided the appeal taken to that court by the heirs from the judgment of the trial court sustaining the will of the decedent; nevertheless, it accepted jurisdiction of the case transferred from the Kansas City Court of Appeals, and did so, despite the fact that the amount involved was the sum of $600.

In the appeals before us it will be necessary for the Supreme Court to find that the trial court was correct in sustaining the garnishees' motions to quash the writs of garnishment before the garnishees are entitled to an allowance. An anomalous situation would be created if we undertook to affirm the orders allowing the fees to the garnishees and the Supreme Court would reverse the orders in the main proceeding. We find further support for our position in the case of Ladd v. Couzins, supra, wherein the allowance was in the amount of $200. The appeal from this allowance was entertained by the Supreme Court because the appeals in the main case were decided by the Supreme Court.

We have concluded that the jurisdiction of these appeals is in the Supreme Court and for this reason these appeals must be transferred to the Supreme Court. It is so ordered.

BENNICK, J., and LAWRENCE HOLMAN, Special Judge, concur.