STATE ex rel. SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent,

State ex rel. Eastern Missouri Telephone Company, Respondent,

State ex rel. South Missouri Telephone Company, Respondent,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Appellant.

Nos. 24453–24457.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1966.

**670**

Wayne W. Waldo, Gen. Counsel, H. Burke Davis, Jefferson City, for appellant.

John Mohler, St. Louis, for respondent Southwestern Bell Tel. Co.

R. W. Hedrick, Jefferson City, for respondent Eastern Missouri Tel. Co.

Hendren & Andrae, by John E. Burruss, Jr., Jefferson City, for respondent South Missouri Tel. Co.

PHIL H. COOK, Special Judge.

All of these appeals from judgments of the Circuit Court of Cole County arise from orders of the Public Service Commission of Missouri, appellant herein, and involve the problem of telephone service to the communities of Bellflower and Liege in Montgomery County, Missouri.

Cases numbered 24,453, 24,454 and 24,457 all arise from one order of the Public Service Commission. This order of the commission ordered respondent, Southwestern Bell Telephone Company, to provide telephone service in the "disputed area". Southwestern Bell resisted this order in the Public Service Commission hearing, in the circuit court hearing, and in this appeal insists that it should not be compelled against its will to furnish this service. The record discloses that the cost to Southwestern Bell for constructing facilities necessary to render the telephone service required by the commission's order would be approximately $134,000.00. From this same order of the commission, respondents, Eastern Missouri Telephone Company and South Missouri Telephone Company sought and obtained circuit court reviews. The circuit court reversed the commission order, and appeals by the Public Service Commission account for the above numbered appeals.

In case numbered 24,455, Eastern Missouri Telephone Company sought from the commission a certificate of convenience and necessity to furnish telephone service in this same "disputed area". Likewise in case numbered 24,456, South Missouri Telephone Company requested authority to furnish telephone service in this same "disputed area". The commission orders in these two cases denied the requests of these

respondents. Subsequently the circuit court reversed and remanded these two cases for the stated reason, "that the denial of said certificates by said Commission was premised largely, if not exclusively, on the assumption that Southwestern Bell Telephone Company would serve the area in accordance with an Order of the Commission which was reversed and set aside by Order of this Court on September 20, 1965."

By agreement these appeals have been consolidated for the purpose of briefing and argument. Since all of these appeals involve the question of which utility company shall have the right to furnish, or shall be required to furnish, the telephone service to the same "disputed area", it is apparent that the cases are so interwoven that a final decision in one case could very well affect or govern the final decision in the other cases. It is also apparent that these five appeals may, and should be, ruled in one opinion. See Kitchen v. City of Clinton, Barrie v. Toller, 320 Mo. 569, 8 S.W. 2d 602, as to consolidation of cases, and jurisdiction in consolidated cases.

■■■ The appellant states, "as the amount in controversy on these appeals does not exceed the sum of $15,000.00 this court is vested with jurisdiction of this cause on appeal." The respondents raise the jurisdictional issue in their briefs. Whether raised or not, it is our duty to transfer the cases to the Supreme Court if the amount in dispute exceeds $15,000.-00. Flynn v. First National Safe Deposit Company, Mo.App., 273 S.W.2d 756. In case of doubt as to jurisdictional amount, we should transfer the matter to the Supreme Court to set the question at rest by retaining or remanding the cause. Nickels v. Borgmeyer, Mo.App., 246 S.W. 2d 382.

If the appellant prevails, Southwestern Bell will be required to spend $134,000.00 against its will to comply with the commission order. In St. Louis County Water Company v. State Highway Commission, Mo., 386 S.W.2d 119, the Supreme Court said, "The St. Louis County Water Company, a public utility engaged in the business and in the area indicated by its name, sought judicial review of an order of the State Highway Commission directing the water company to relocate some of its facilities situated on state highway right-of-way. The circuit court affirmed the order of the commission. This appeal followed. We have jurisdiction because the cost to the water company of the relocation ordered would exceed $15,000.00."

In the case of State ex rel. and to Use of Bolivar Telephone Company v. Public Service Commission, Mo., 357 S.W.2d 96, the Public Service Commission ordered the telephone company, against its will, at a cost of more than $300,000.00 to furnish telephone service to new areas. After a review in the circuit court and an appeal to the Supreme Court, the Supreme Court retained jurisdiction, and decided the case, obviously on the basis of the amount involved.

■■■ In the case now before us, the Public Service Commission ordered Southwestern Bell, against its will, at a cost of $134,000.00 to furnish telephone service to new areas. Accordingly, we rule that the amount in dispute is $134,000.00 and that these appeals are within the exclusive jurisdiction of the Supreme Court.

These appeals are therefore ordered transferred to the Supreme Court of Missouri.

HOWARD, J., concurs.

CROSS, P. J., and BLAIR, J., not participating.