J. Cecil **FISHER**, et al., Appellants,

v.

**SPRAY PLANES, INC.,**
et al., Respondents.

No. 58884.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Siegfreid, Runge, Leonatti, Pohlmeyer, Hagan & Seigfreid, Mexico, for appellants.

Oliver, Walker, Carlton & Wilson, Columbia, Casserly & Jones, Clayton, for respondents.

AHRENS, Judge.

In this action for costs, appellants, J. Cecil Fisher, Billy Fisher, Lena Fisher and Sue Fisher allege the trial court erred in sustaining respondents' application for execution for costs filed pursuant to Rule 76.01 and § 514.170 RSMo 1986.

Appellants raise five points of error. First, the trial court erred in denying their motion to quash respondents' application for execution, because respondent Spray Planes, Inc. had forfeited its corporate charter prior to filing the application and, therefore, it had no standing or capacity to sue, and its application failed to state a claim. We disagree, because the trustees succeeded to the interests of the corporation by operation of law, and appellants waived their claim of lack of capacity to sue. Second, the trial court erred in granting respondents' application for execution, because there was no underlying judgment, order or decree assessing costs against appellants. We disagree because no such judgment, order, or decree was necessary. Third, the trial court erred in overruling appellants' motion to quash the application for execution because appellants dismissed the underlying lawsuit without prejudice and respondents were not the "prevailing party." We disagree, because § 514.170 permits respondents to recover their costs upon appellants' dismissal of their suit.

Fourth, the trial court erred in failing to quash the application for execution, because the trial court lacked jurisdiction over the matter. We disagree, because the costs taxed against appellants were definite, fixed by statute, and required no judicial investigation and determination. Fifth, the trial court erroneously overruled appellants' motion to quash the application because respondents failed to sustain their burden of proof. We agree, because there was no evidence indicating which depositions were requested and costs therefor actually paid by respondents.

### Background

Appellants filed a civil action in Monroe County Circuit Court alleging their property was damaged and they suffered person-

al injuries from exposure to the toxic chemical Paraquat when it was sprayed by aerial application to a neighboring field owned by Charles O'Laughlin.

In the original petition, appellants named as defendants: the owner of the neighboring field; the pilot who applied the chemical; the lessor of the airplane; and Spray Planes, Inc., the lessee of the airplane. The company alleged to have arranged for the spraying of the neighboring field was subsequently joined as a defendant as was Chevron Chemical Company, the alleged manufacturer of the Paraquat.

Thereafter, some defendants entered into a settlement with appellants with each party bearing its own costs. Appellants voluntarily dismissed their cause of action without prejudice against the remaining defendants, including Spray Planes and Chevron Chemical, pursuant to Rule 67.01. Judge McKenzie entered an order which purported to overrule the appellants' motion to dismiss. Appellants filed a petition for writ of prohibition which was granted by the Supreme Court of Missouri. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557 (Mo. banc 1988).

Thereafter, appellants filed the lawsuit in federal district court against the remaining nonresident defendants. *Fisher v. Chevron Chemical Co.,* 716 F.Supp. 1283 (W.D.Mo.1989). Appellants subsequently dismissed the lawsuit.

The Monroe County circuit clerk prepared a cost bill on November 15, 1988. On May 17, 1990, respondent Spray Planes filed an application for execution in Monroe County Circuit Court for unpaid court costs of $4,203.32 arising from appellants' earlier suit in that court. The major portion of the costs, $4,126.42, was for twenty-two depositions. Appellants filed a motion to stay and/or quash respondents' application for execution. After a hearing, at which respondent Chevron Chemical joined in the application for writ of execution, the trial court overruled appellants' motion, sustained respondents' application, and assessed costs against appellants. This appeal followed.

### I. *Forfeiture of Corporate Charter*

Appellants first assert the trial court erred in overruling their motion to quash respondents' application for execution, because Spray Planes had forfeited its corporate charter on January 1, 1983. Appellants contend the corporate entity had no capacity to sue, and only the statutory trustees had standing to bring any action on behalf of the corporation. This point is directed solely to Spray Planes. Appellants make no claim that Chevron Chemical lacked standing or capacity to seek recovery of its costs.

Here, appellants filed their first petition against Spray Planes on March 29, 1982. Spray Planes' corporate charter was forfeited on January 1, 1983. Appellants filed a fourth amended complaint against respondent Spray Planes on October 3, 1985, some two and a half years following the forfeiture. On May 17, 1990 respondents filed their application for execution to collect unpaid court costs. Appellants filed a motion to stay and/or quash the application on May 24, 1990, but did not deny Spray Planes' corporate existence or assert that Spray Planes did not have capacity to proceed with the application for execution. Appellants displayed a Certificate of Forfeiture for the first time in their brief on appeal. Normally we do not consider exhibits not on record before the trial court. However, we consider it here, because respondents admitted on appeal the forfeiture of the charter.

■ Appellants' contention that, under § 351.525 RSMo 1986, only the statutory trustees had standing to pursue the action to recover costs is without merit. Section 351.525 names the trustees of the corporation as the sole parties entitled to sue for and recover any debts and property due the corporation when the corporation's charter has been forfeited. § 351.525(6). Rule 52.-13(e), however, provides: "When a corporation has been sued and served with a process or has appeared while in being, and is thereafter disolved or its charter forfeited, *the action shall not be affected thereby* ...." Accordingly, under § 351.525, "[t]he statutory trustees succeed to the interest

of the corporation *by operation of law"* (emphasis added). *Sab Harmon Indus. v. All State Bldg. Sys.*, 733 S.W.2d 476, 483 (Mo.App.1987).

Spray Planes' application for execution of costs was a continuation of the lawsuit initiated by appellants prior to the forfeiture of Spray Planes' corporate charter. By operation of law, Spray Planes' statutory trustees succeeded to the interest of the corporation, *see Sab Harmon*, 733 S.W.2d at 483, and those trustees were entitled to prosecute the execution for costs. *See Vetter & Assoc., Inc. v. Dimarco Corp.*, 733 S.W.2d 459, 462 (Mo.App. 1986). Appellants' display of the certificate of forfeiture in appellants' brief on appeal sufficed for an order of substitution of Spray Planes' trustees for the corporation. *See Sab Harmon*, 733 S.W.2d at 483. Therefore, substitution of the statutory trustees for Spray Planes can be made on the record by the trial court on remand. *See Vetter*, 733 S.W.2d at 462. We find no error in the denial of appellants' motion to quash for lack of standing or failure to state a claim.

■ Appellants argue that because respondent Spray Planes had no legal capacity to sue and did not allege its corporate capacity to sue in its application, the application was a nullity. We disagree.

A claim that a suit should have been filed in the name of certain statutory trustees, rather than in the name of a defunct corporation, is waived if it is not raised by pleading or motion in accordance with Rules 55.13 and 55.27(g)(1). *Executive Jet Management and Pilot Service, Inc. v. Scott*, 629 S.W.2d 598, 611 (Mo.App.1981).

Under Rule 55.13, the issue of corporate capacity is not properly raised unless it is asserted by a "specific negative averment." *Pemiscot County Memorial Hosp. v. Bell*, 770 S.W.2d 499, 502 (Mo.App.1989). Since appellants failed to object to Spray Planes' legal capacity at the circuit court in the motion to quash, and did not object at the hearing on the motion, Spray Planes' capacity to sue cannot be raised for the first time on appeal. *Id.*

## II. *No Underlying Judgment, Order or Decree*

■ Appellants' second point asserts the trial court erred in granting respondents' application for execution because there was no underlying judgment, order or decree entered by the trial court assessing costs against appellants. Appellants contend § 517.170 and Rule 76.02 required the trial court to enter an order assessing costs against appellants before those costs could be taxed against them. Appellants' argument is without merit.

Section 514.170 provides in pertinent part: "Upon the plaintiff dismissing his suit ... the defendant shall recover against the plaintiff his costs." Section 514.260 RSMo 1986 imposes a duty on the clerk to tax costs: "The clerk shall tax and subscribe all bills of costs arising in any cause or proceedings instituted or adjudged in the court of which he is the clerk, agreeably to fees which shall, for the time being, be allowed by law, and shall in no case allow any item or charge, unless the service for which it was made was actually performed in the cause." § 514.260. This mandate leaves no judicial act to be done by the trial court. Pursuant to § 514.170 and § 514.-260, no underlying order was necessary to confer authority on the clerk to tax costs and issue a cost bill upon appellants' voluntary dismissal of the case.

The costs involved here were for charges of court officers and deposition costs which were definite, fixed by statute and specifically taxable against plaintiff pursuant to § 514.170. The clerk in the first instance is required by law to tax these costs, as a ministerial duty. No judicial investigation or determination was involved which would have required a court order taxing costs. *See Flynn v. First Nat'l Safe Deposit Co.*, 273 S.W.2d 756, 759 (Mo.App.1954).

■ The clerk may perform the ministerial duty of taxing costs after a judgment or dismissal. *Cf. State ex rel. State Highway Comm'n v. Graeler*, 303 S.W.2d 944, 946 (Mo.App.1957) (taxing of costs is generally a ministerial duty performed after entry of the final judgment). There is no

requirement that taxing of fixed, statutory costs be included in a judgment. Point two is denied.

### III. *Prevailing Party*

■ Appellants next assert the court erred in overruling appellants' motion to quash the application for writ of execution, because under Rule 77.01 court costs can only be awarded to the prevailing party. Appellants argue that since they dismissed their lawsuit without prejudice under Rule 67.01, respondents could not be the prevailing party. The argument is premised upon Rule 77.01 being the only controlling law in assessing costs. Appellant's argument is without merit because § 514.170 provides for the defendant recovering his costs "upon the plaintiff dismissing his suit." § 514.170.

Appellants argue that Rule 77.01 supersedes § 514.170, because former Rule 77.17, which was similar to that statute, was repealed and replaced by Rule 77.01. This argument is without merit. Rule 77.01 specifically states: "In civil actions, the party prevailing shall recover his costs against the other party, *unless otherwise provided in these rules or by law.*" (Emphasis added).

Supreme Court Rule 77.01 and § 514.170 are neither contradictory nor inconsistent. Rule 77.01 applies to the recovery of costs in a civil action where there is a prevailing party, and § 514.170 applies to the recovery of costs where a plaintiff dismisses his own suit. Point three is denied.

### IV. *Trial Court Jurisdiction*

■ In their fourth point, appellants assert the trial court erred in failing to quash respondents' application for writ of execution because the trial court lacked jurisdiction over the matter since appellants had dismissed their lawsuit without prejudice pursuant to Rule 67.01 and more than thirty days had passed since the dismissal.

Appellants argue that once a voluntary dismissal is filed, the court loses jurisdiction over the case and an application for execution is a nullity since the case no longer exists. Appellants rely on *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557 (Mo. banc 1988) and *Emigh Eng'g Co. v. Rickhoff,* 605 S.W.2d 173 (Mo.App.1980). In *State ex rel. Fisher,* the court held the trial court had no jurisdiction over defendants' counterclaim that was filed after voluntary dismissal. *State ex rel. Fisher,* 754 S.W.2d at 561. The present case is distinguishable, because respondents' application for execution to enforce payment of court costs is not an action on the merits. The court in *Emigh Eng'g* held, "once plaintiffs voluntarily dismissed the action there was nothing before the court upon which it could act." *Emigh Eng'g Co.,* 605 S.W.2d at 174. *Emigh Eng'g* is plainly distinguishable from the present case. The prohibited court action in *Emigh Eng'g* dealt with the trial court's attempt to revive a dismissed case. In contrast, the present case concerns taxing court costs pursuant to law when the case is voluntarily dismissed. Because the allocation of court costs does not require judicial investigation and determination, the trial court does not lose jurisdiction to issue an execution. *Christian County v. Dye,* 132 S.W.2d 1018, 1019 (Mo.1939). Although appellants dismissed their lawsuit and no motion was filed for costs until after the expiration of thirty days and after the term of court had expired, "[a] motion to tax costs may be filed in a case after the term at which the case is disposed of;" the filing of such a motion does not reinstate the case for trial on the merits. *Cairo Brewing Co. v. Hogg,* 141 Mo.App. 391, 125 S.W. 831, 833 (1910).

The amount of the allowance is not a discretionary matter to be determined by the court upon judicial investigation, and is a matter of ministerial duty of the clerk. Accordingly, expiration of time within which the trial court has control over a judgment or expiration of the term of court is immaterial. *Christian County,* 132 S.W.2d at 1019. Taxing definite and fixed statutory costs can be done at any time. *State ex rel. State Highway Comm'n v. Graeler,* 303 S.W.2d 944, 946 (Mo.App. 1957).

The distinction between costs fixed by law and those judicially determined is the court's capacity to retax fixed costs at a subsequent term. It is well-established that "where the costs are definite and fixed by statute, the clerk in the first instance is by law required to tax costs of the case, which, of course is purely a ministerial duty, and when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes." *Flynn v. First Nat'l Safe Deposit Company,* 273 S.W.2d 756, 759 (Mo.App.1954).

In the present case, the clerk prepared a cost bill of $4,203.32 which included the statutory court costs totalling $126.90 and twenty-two depositions totalling $4,126.42. At the time costs were taxed in this case, the relevant statute governing the expenses of depositions as costs was § 492.-590.1 RSMo 1986. This statute limits costs and expenses of taking depositions to those enumerated. *Stogsdill v. General Am. Life Ins. Co.,* 541 S.W.2d 696, 701 (Mo.App. 1976). Appellants ignore § 514.260 which authorizes and requires the circuit clerk to tax the costs "arising in any cause or proceedings instituted or adjudged in the court of which he is the clerk." § 514.260. This kind of mandate leaves no judicial act to be accomplished by the court below. "Statutes allowing the taxation of costs are strictly construed." *Wilson v. Good,* 749 S.W.2d 17, 19 (Mo.App.1988). Here, each cost item is specifically provided for by statute. Former § 492.590.1 RSMo 1986 stated in pertinent part: "The costs and expenses of taking depositions, together with the fees of recording and copying the same, shall be taxed in favor of the party or parties praying the same, and collected as other costs in the suit or suits in which such depositions, or any part thereof, may be used." § 492.590.1 RSMo 1986.

The action of the circuit clerk in taxing costs which were definite and fixed by law constituted performance of a purely ministerial duty. *State ex rel. Robbins v. Morris,* 237 Mo.App. 685, 152 S.W.2d 199, 200 (1941). The mandate from § 492.590.1 only leaves the clerk the ministerial duty to tax

the deposition costs. Since all that was to be done by the trial court was to sustain the application for execution for costs against the dismissing party, the court was within its jurisdiction to sustain the order of execution. *Cairo Brewing Co.,* 125 S.W. at 833.

## V. Burden of Proof

█ Appellants' final point on appeal asserts the trial court erred in overruling appellants' motion to quash respondents' application for execution because respondents failed to sustain their burden of proof. We agree.

Respondents failed to demonstrate they were entitled to costs for all twenty-two depositions. Under former § 492.590 RSMo 1986, the cost of taking, recording, and copying depositions were "taxed in favor of the party or parties praying the same...." There was no evidence indicating which depositions were actually requested and the costs therefor paid by respondents. The cost bill prepared by the court clerk totalled $4,203.32. There are two components: the first is general court costs totalling $126.90 which were properly taxed against appellants; the second component is twenty-two depositions totalling $4,126.42. We note several of the depositions were those of defendants who later settled with appellants; it is not clear that all these deposition costs were for depositions prayed or requested and costs therefor paid by respondents.

The controlling law on recovery of costs upon the plaintiff dismissing his suit is § 514.170 which reads in pertinent part: "[T]he defendant shall recover against the plaintiff *his costs.*" (Emphasis added). Appellants attacked the clerk's taxation of costs by Motion to Stay and/or Quash Execution. Although appellants did not specifically request retaxation of costs under § 514.270, they did assert they were never presented with a cost bill to review or approve. Retaxing fixed statutory costs may be filed after the term of court ceases. *Christian County,* 132 S.W.2d at 1019. In reviewing the clerk's action in taxing costs, the court may only exercise a purely minis-

terial duty. It may simply correct errors made by the clerk in trying to follow the statutes, but may not retax or order costs paid which require judicial investigation and determination. *Id.* Since it is unclear from the record whether all the depositions were requested by and costs therefor paid by respondents, we remand for retaxation of costs by the trial court so that respondents may recover only their costs.

The judgment is affirmed in part and reversed and remanded for the dual purpose of substituting the statutory trustees for Spray Planes, Inc., and retaxing costs in accordance with this opinion.

GARY M. GAERTNER, P.J., and CRIST, J., concur.