Peggy BURWICK and Jack Burwick,
Plaintiffs–Appellants,

v.

Kimberly WOOD, M.D., Defendant–
Respondent.

No. 21641.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 28, 1998.

L. Thomas Elliston, Elliston Law Offices, Webb City, for Plaintiffs–Appellants.

Ken D. Rogers, David C. Vaughn, III, Fredrick, Rogers & Vaughn, P.C., Springfield, for Defendant–Respondent.

PREWITT, Judge.

Following hearing on Defendant's motion, the trial court taxed against Plaintiffs certain deposition costs and charges of the court reporter, the latter in connection with a portion of the transcript in a previous appeal to this District. Appellants contend that the trial court erred in taxing $1,127.34 in costs relating to depositions because Respondent did not personally pay such costs, but they were paid by her insurance company. Appellants also contend that the trial court, under Rule 84.18, did not have jurisdiction to tax costs relating to the appeal.

Appellants' first point deals with Section 492.590, RSMo Supp.1994 (since amended, effective July 1, 1997, see § 492.590, RSMo Supp.1996). Section 492.590, RSMo Supp. 1994, provides in part that "any party incurring any such costs or expenses may request the taxing of such costs or expenses actually incurred by that party." Appellants assert that because these costs were not incurred by Respondent, but were paid by her insurance company, she cannot properly ask that they be taxed as costs.

■ As Appellants assert, costs did not exist at common law and their allowance is a creature of statute, thus statutes allowing taxation of costs are strictly construed. *Architectural Resources, Inc. v. Rakey,* 912 S.W.2d 676, 679 (Mo.App.1995); *Parrett v. Integon Life Ins. Co.,* 590 S.W.2d 411, 413

(Mo.App.1979). Here, however, there is nothing to construe, as the plain meaning of the statute controls.

There is no requirement in Section 492.590, that the party actually pay the cost, but that they be "incurred" by that party. "Incurred" does not mean "paid." It means "to become liable for." *Hermitage Health & Life Ins. Co. v. Cagle*, 57 Tenn.App. 507, 420 S.W.2d 591, 593, (1967). *See also Collins v. Farmers Ins. Exchange*, 271 Minn. 239, 135 N.W.2d 503, 507 (1965) ("incur" means to become liable for, not "pay for"); *Maryland Casualty Co. v. Thomas*, 289 S.W.2d 652, 655 (Tex.Civ.App.1956)("incurred" means to become liable for, but not necessarily paid).

Here, the evidence was sufficient for the trial court to have found that Respondent was liable for the deposition cost and would have been obligated to pay them had her insurance company not done so. Appellants cite *Fisher v. Spray Planes, Inc.*, 814 S.W.2d 628, 633 (Mo.App.1991), but that case does not change the result in this matter. *Fisher* dealt with the 1986 version of Section 492.590, which did not use the words "incurring" or "incurred." There was also a question in *Fisher* as to which party requested the taking of the depositions. We conclude here that the trial court had a proper basis for taxing the disputed deposition costs. Point I is denied.

Appellants' second point relates to the costs pertaining to the previous appeal of this matter, and that the trial court erred in taxing the costs of the record on that appeal. Appellants are correct that: "Assessment of cost of the record on appeal is the subject of Rule 84.18 and is not a matter within the jurisdiction of the trial court." *Landis v. Sumner Mfg. Co., Inc.*, 750 S.W.2d 466, 471 (Mo.App.1988). *See also* §§ 514.160 and 514.280, RSMo 1994; *Walden v. Dudley*, 49 Mo. 419, 423 (1872). Appellants' Point II has merit and is granted.

Respondent asks in her brief that if we find that the trial court erred in taxing the costs pertaining to the appeal, that this Court enter an order taxing certain costs against Appellants. There has been no proceeding instituted in this Court which would support such an order. *See Brownlee v. Hewitt*, 1 Mo.App. 604 (1876). Respondent's request is denied.

The portion of the order pertaining to the taxing of $1,127.34 in deposition costs is affirmed, and the order is reversed pertaining to the cost related to the previous appeal. The costs of this appeal are assessed equally as between Appellants and Respondent.

GARRISON, P.J., and CROW, J., concur.